LOUIS PERLSTEIN *vs.* AMERICAN EXPRESS COMPANY.

Suffolk.   November 16, 1900. — January 25, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, & HAMMOND, JJ.

In an action for injuries caused by a collision of teams in a street, evidence that the plaintiff was driving on the right hand side of the street close to the sidewalk, is evidence of due care on his part, and evidence that the defendant's servant was driving the other team very fast in an opposite direction and collided with the plaintiff, is evidence that such servant was acting in violation of Pub. Sts. c. 93, § 1, requiring him to drive "to the right of the middle of the travelled part" of the road and unexplained indicates negligence.

In an action against an express company, for an injury alleged to have been caused by the negligence of the driver of one of its wagons, the defendant may show where each of its drivers was authorized to go on the day of the accident, for the purpose of showing that no driver of the defendant had a right to drive his wagon on that day on the street where the accident occurred, and that such driver if there was not acting within the scope of his employment.

TORT for personal injuries alleged to have been caused by the negligence of the defendant's servant in driving an express wagon of the defendant against the plaintiff's wagon on Dedham Street at the corner of Harrison Avenue in Boston.   Writ dated August 17, 1898.

At the trial in the Superior Court, before *Sherman,* J., there was evidence in regard to the collision which is sufficiently described in the opinion of the court.   In the course of the trial, the defendant put upon the stand one Cooper, its master of transportation, and proposed to show by him all the routes of the express wagons of the company in Boston, and what men were employed upon them, and where it was the duty of each to go on the day of the accident, for the purpose of showing that none of them was authorized to go by the corner of Dedham Street and Harrison Avenue on the day of the accident, and that no driver of the defendant if there with his team was in the course of his employment.

The judge excluded the evidence, ruling that the defendant might show that its men were not there, but could not show where they ought to have been, and the defendant excepted.

At the close of the evidence, the defendant requested the judge to give the following instructions to the jury: 1. That the evidence does not show the plaintiff to have been in the exercise of due care.    2. That the evidence does not show that the defendant was negligent.    3. That there is no evidence connecting the American Express Company with the accident.    The judge refused to give the instructions requested.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. N. Perkins*, for the defendant.

*H. C. Mulligan*, for the plaintiff.

KNOWLTON, J.    In our opinion there was evidence tending to show that the driver of the team which collided with the plaintiff's team was negligent.    The plaintiff introduced testimony that he himself was driving on the right hand side of Harrison Avenue, close to the sidewalk, and it tended to show that he was in the exercise of due care.    The driver of the other team was driving "very fast" in the opposite direction, and collided with the plaintiff.    This was evidence that he was acting in violation of the statute which requires persons meeting each other as these persons were, to drive "to the right of the middle of the travelled part" of the road, and unexplained it indicated negligence.    Pub. Sts. c. 93, § 1.    *Reynolds* v. *Hanrahan*, 100 Mass. 313.    *Young* v. *South Boston Ice Co.* 150 Mass. 527.    *Randolph* v. *O'Riordon*, 155 Mass. 331.

There was evidence tending to show that there was no collision, but that the accident was caused by the running of the plaintiff's horse, and there was other evidence that none of the defendant's teams was in the vicinity at the time of the accident.

The judge rightly ruled that the witness, Cooper, could not be permitted to testify as to the routes of the drivers of the defendant company on the morning of the accident, for the purpose of showing that the wagon referred to was not one of the defendant's wagons.

But it was a part of the plaintiff's case to prove that the negligent driver was a servant of the defendant, acting within the scope of his employment at the time of the accident.    To prove this he relied upon the inference that a person driving such a team as was described, the wagon being marked "American

Express Company," was one of the defendant's servants then engaged in the defendant's business. If the routes prescribed for the defendant's servants were such that at this time none of them could be driving through that part of Harrison Avenue without, for the time, abandoning the service in which he was engaged and going off for some purpose of his own, the defendant would not be liable, even if the team which is said to have caused the collision was one of its teams, and was driven by a person who was regularly employed in its service. The question for the jury was not whether the defendant owned the team, but whether the person who was driving it negligently was then acting for the defendant in doing the work which he was directed to do. If the servant was not then acting in the course of his employment, but was off "on a frolic of his own," * the master would not be liable. *Howe* v. *Newmarch*, 12 Allen, 49. *Bowler* v. *O'Connell*, 162 Mass. 319. *Brown* v. *Jarvis Engineering Co.* 166 Mass. 75. *Driscoll* v. *Scanlon*, 165 Mass. 348. *Bard* v. *Yohn*, 26 Penn: St. 482. *Storey* v. *Ashton*, L. R. 4 Q. B. 476, 479. *Stevens* v. *Woodward*, 6 Q. B. D. 318.

As bearing upon this question the defendant offered to show by the person who had charge of the drivers and helpers, the team service in Boston, that no driver of an express team of the defendant had a right to be there that morning in the course of his employment. We are of opinion that the evidence was competent.

*Exceptions sustained.*

---

* Parke, B., in *Joel* v. *Morison*, 6 C. & P. 501, 503.