ANN M. HEYWOOD *vs.* GARABED OGASAPIAN.

Essex.    March 10, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Agency,* Existence of relation, Scope of authority.

Where, at the trial of an action for personal injuries received by the plaintiff, when he was a traveller on the highway, by reason of his being run into by an automobile, there is evidence tending to show that at the time of the accident the automobile was being driven by the defendant's son-in-law, that the defendant was the proprietor of a fruit, confectionery and ice cream store and had been so for a number of years, that during these years the son-in-law had lived with him over the store and had worked with him in the business, that he continued to do so for a number of months after the accident, that previous to two months before the accident a large part of the business had been carried on at adjoining beaches by the use of a team, that then the team was given up and an automobile was purchased which was used in its place, that the automobile was insured in the name of the defendant and that his name in full was painted on its outside, the jury are warranted in finding that the automobile was owned by the defendant and that the son-in-law was his employee, although the defendant offers evidence tending to explain the circumstances in detail and to show that he did not own the automobile and that his son-in-law was not in his employ.

And where at the same trial the plaintiff testifies that at the time of the accident the driver was the only person in the automobile and that its rear door was open, disclosing inside an ice cream freezer and candy boxes, the jury are warranted in finding further that the driver at the time of the accident was engaged in his employer's business, although the defendant's evidence tended to controvert that of the plaintiff.

PIERCE, J.    This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff on August 26, 1914, by collision with an automobile while she was crossing on foot a certain highway in the town of Salisbury. The case was tried before a judge of the Superior Court * and a jury.

At the close of the plaintiff's evidence, the defendant moved that a verdict be directed for the defendant on the ground that there was no evidence warranting a verdict for the plaintiff. This motion was overruled and the defendant duly excepted.

* *Sanderson,* J. The jury returned a verdict for the plaintiff in the sum of $1,800; and the defendant alleged exceptions.

At the close of the evidence, the defendant asked the judge to instruct the jury among other things as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"3. There is no evidence that the operator of the automobile which collided with the plaintiff was acting as the servant or agent of the defendant at the time of the accident."

"4. There is no evidence that said accident happened during the course of the employment of Hiki Keljikian by the defendant."

"5. There is no evidence that said automobile was in the control of the defendant, his agents or servants, at the time of the accident."

"8. The fact that the defendant's name was painted upon the automobile is not sufficient evidence to warrant the jury in finding that the defendant had control of the automobile at the time and place of the accident."

"10. Upon all the evidence the jury would not be warranted in finding that the defendant's name was inserted in said policy of liability insurance either at his request or with his knowledge and consent."

"14. Upon all the evidence the jury would not be warranted in finding that said driver was, at the time and place of the accident, acting within the scope of any employment of him by the defendant."

It was admitted that the automobile was being driven at the time of the accident by one Hiki Keljikian; that the plaintiff was in the exercise of due care and that the driver was negligent. As argued, the only question presented is whether upon all the evidence "the defendant could properly be held liable for the negligence of said Hiki Keljikian."

To establish the affirmative of this proposition, the plaintiff produced evidence which, if believed, warranted the jury in finding that the defendant was at the time of the accident, and had been for several years, the proprietor of a fruit, confectionery and ice cream store; that during these years Keljikian, who was his son-in-law and lived with him over the store, had worked in the conduct of the business, and after the accident he continued to do so for several months; that before June, 1914, a large part of the business was carried on at the beaches, a "team" being used to

make deliveries; that in June, 1914, the "team" was given up and an automobile purchased which was used in selling ice cream, confectionery and fruit; that the car was insured in the name of the defendant, and that his name, Garabed Ogasapian, was painted on the outside of the car.

All the above statements of fact were contained in the testimony of the defendant, and he testified and offered other evidence in explanation thereof, and in contradiction of the inferences that might be drawn therefrom, that Keljikian in June, 1914, purchased the car with money of his own or of his daughter; that he did not know the price paid for the car; that none of his money was used to purchase it; that upon the purchase of the car Keljikian registered it in his own name, and immediately went into business for himself selling ice cream, confectionery and fruit at wholesale; that thereupon he, the defendant, "gave up this part of his business of selling at the beaches . . . when his son-in-law engaged in it;" that after Keljikian purchased the car he, Keljikian bought a large part of his merchandise of the defendant; that he sometimes paid cash and sometimes bought on credit; that the defendant's books of account had been burned in a fire which burned another store of the defendant; that he did not know of the painting of his name upon the car until after it had been done; that when he found out his name was there he asked Keljikian, "What is that about my name? Listen me. I don't belong to that auto. Why you put my name on it?" and that Keljikian replied, "We put that name on because we buy the stuff here. I ain't got no name. Everybody knows you;" that he did not know his name was on an insurance policy on the car; and that he "did not request or instruct Keljikian to take these people to ride."

It is plain that the jury could find that the defendant was not the owner of the car, that it was not being operated by his direction, and that Keljikian was not his servant or employee.

But they were not bound so to find. The admitted fact that Keljikian was in the defendant's employ before the accident and again shortly after the accident, the fact that the business of the defendant was carried on without apparent change other than the substitution of an automobile for a team, the fact that the automobile had the name of the defendant painted on the outside of

the car, the fact of the insurance, even the fact of the burning of the record books when taken in connection with all the other admitted facts, warranted the jury in finding, as they did, that the defendant was the owner of the car and that Keljikian was a servant in the employ of the defendant at the time of the accident. *Smith* v. *Paul Boyton Co.* 176 Mass. 217. *Ingraham* v. *Chapman,* 177 Mass. 123. *Grant* v. *Singer Manuf. Co.* 190 Mass. 489. *Norris* v. *Anthony,* 193 Mass. 225. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465.

There remains the question, whether upon the evidence the jury were warranted in finding that Keljikian, at the time and place of the accident, was acting within the scope of any employment of him by the defendant. *Perlstein* v. *American Express Co.* 177 Mass. 530.

The plaintiff testified that at the time of the accident the driver was the only person in the automobile; that the rear door of the automobile was open "and that there were inside the car an ice cream freezer and certain candy boxes." To the contrary, the defendant's witnesses testified that there were four persons and the driver in the car and that they were returning after having taken a pleasure ride to Salisbury Beach at the invitation of Keljikian, who had transacted no business on the trip and was using the car without the knowledge or assent of the defendant.

Should the jury disbelieve the testimony of the witnesses for the defendant, and should it find that the driver of the car was alone and that he had within the car an ice cream freezer and candy boxes, they would be justified in finding the inferential fact that the driver was at the time of the accident engaged in the business of the defendant.

It follows that no reversible error appears in the refusal to give the defendant's requests, and the exceptions must be overruled.

*So ordered.*

*C. N. Barney,* (*R. T. Woodruff* with him,) for the defendant.
*A. Withington,* for the plaintiff.