GLENEIDA L. CHAPLIN *vs.* BROOKLINE TAXI COMPANY.

Suffolk.    March 6, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Contributory.

Where, after the passage of St. 1914, c. 553, a woman, who was about to cross on foot a street thirty feet wide much used by motor cars, stood on the edge of the sidewalk at a point where a curve in the road prevented her from seeing more than fifty feet and looked in both directions and then waited for two motor cars going in opposite directions to pass, and after that looked again in both directions and, seeing no motor car coming from either direction and hearing no warning signal, took five or six steps and was knocked down and rendered unconscious by a motor car going at the rate of twenty-five miles an hour which struck her before she saw it, it cannot be ruled that she was negligent as matter of law, and in an action against the owner of the car for her injuries thus sustained, in which the defendant has alleged in his answer that the plaintiff's injury was the result of her own negligence, she is entitled to go to the jury upon the question of her due care with the burden upon the defendant to prove affirmatively contributory negligence.

TORT for personal injuries sustained on Easter Sunday, April 23, 1916, by being knocked down by a motor car of the defendant driven negligently by a servant of the defendant on Beacon Street in Brookline near Jordan's Steps. Writ dated June 2, 1916.

The answer, besides a general denial, contained an allegation that, if the plaintiff received the injuries alleged, they were the result of her own negligence and of her failure to exercise due care.

In the Superior Court the case was tried before *Sisk,* J. It was admitted at the trial that there was evidence of negligence on the part of the defendant. The evidence on the issue of contributory negligence on the part of the plaintiff is described in the opinion. On this issue the defendant asked for rulings numbered from nine to thirteen inclusive, which the judge refused to make except so far as they were covered by his charge to the jury. The rulings numbered from nine to twelve inclusive are held by this court to. have been covered fully and accurately by the charge. The thirteenth ruling requested by the defendant was as follows:

"13. Upon all the evidence there is nothing to justify a finding that the plaintiff was in the exercise of due care; if the driver was not negligent the plaintiff cannot recover even though the brakes were defective. There is not sufficient evidence to warrant a finding that the accident was solely attributable to the negligence of the driver rather than to the plaintiff's own negligence."

The judge refused to make this ruling. The jury returned a verdict for the plaintiff in the sum of $1,750; and the defendant alleged exceptions.

*P. H. Kelley,* for the defendant.

*W. S. McCallum,* for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff by reason of being struck by a motor car of the defendant, driven by its employee. It is conceded that there was evidence of the defendant's negligence.

The circumstances attending the accident may be briefly stated: The plaintiff, who was walking ahead of her companion, reached the sidewalk on Beacon Street in Brookline at a point where the street was thirty feet in width. She testified that she stood on the edge of the sidewalk about five or ten seconds and looked in both directions; that she waited for two motor cars going in opposite directions, to pass, again looked toward Coolidge Corner, then toward Washington Square, and, not seeing any motor car coming from either direction, stepped off the sidewalk and took five or six steps and was struck, knocked down, and rendered unconscious; that she heard no warning signal and did not see the motor car which struck her; that it came from the direction of Coolidge Corner. She further testified that, in looking toward Coolidge Corner from the place where she attempted

to cross the street, her view was obstructed on account of the grade and a curve in the street which prevented her seeing a distance of more than fifty feet. The jury viewed the locality in the vicinity of the accident.

The accident occurred about 7:30 o'clock in the evening of April 23, 1916. It could have been found that the motor car was travelling at the rate of not less than twenty-five miles an hour when it struck the plaintiff, and that she was thrown ten or fifteen feet. It is plain that upon the evidence and from the view taken by the jury, it could not have been ruled that the plaintiff was lacking in due care. This question was for the jury with the burden upon the defendant to prove affirmatively contributory negligence. St. 1914, c. 553. *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262. *French* v. *Mooar,* 226 Mass. 173. *Creedon* v. *Galvin,* 226 Mass. 140.

The defendant excepted to the refusal of the presiding judge to give its requests numbered nine to thirteen inclusive. Without referring to these requests in detail, but after careful consideration, we are of opinion that those numbered nine to twelve inclusive were fully and accurately covered by the judge's charge, so far as they properly could have been given. The thirteenth request was rightly refused. Whether upon evidence which was conflicting the plaintiff was in the exercise of due care, was as above stated a question for the jury.

As the trial appears to have been conducted without error, the entry must be

*Exceptions overruled.*