FRED N. GARDNER *vs.* HENRY M. FARNUM.
ROBERT K. GARDNER *vs.* SAME.

Essex.     March 25, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Agency,* Scope of employment. *Motor Vehicle. Evidence,* Of agency, Absence of witness, Inference. *Witness.*

Evidence at the trial of an action for personal injuries resulting from an accident caused by negligence of the driver of a motor vehicle, which tends merely to show that the defendant, who was not in the vehicle at the time of the accident, owned the vehicle and that the driver was in his general employ, is not sufficient to warrant a finding that at the time of the accident the driver was acting within the scope of his employment.

At the trial of the action above described, there was further evidence tending to show that the defendant lived in Chicago in the State of Illinois and owned and occupied during the summer a residence at Magnolia, a part of Gloucester, that at the time of the accident the defendant and his family had left for Chicago, that on the morning of the accident the chauffeur had driven the motor vehicle to Gloucester from Magnolia, there drank intoxicating liquor, "went on an errand," came back with an elaborate and expensive toy sail boat which he put in the back of the vehicle and returned to Magnolia, the accident happening on the return trip; that the defendant had two daughters, one eight and the other two years of age, and that the chauffeur had no children. *Held,* that the evidence did not warrant an inference that in purchasing the toy boat the chauffeur was upon an errand for the defendant nor that he was acting within the scope of his employment at the time of the accident.

The trial of the action above described was in Salem and occupied two days. The defendant offered no testimony. The plaintiff did not call the defendant's

chauffeur to testify on the first day nor had he then served a summons upon him. On the second day the plaintiff offered testimony tending to show that the chauffeur had come to Salem on the first day of the trial, had been met by an associate counsel for the defence, had gone with him to an office and had not been seen since; that once in the afternoon and again in the evening of the first day of the trial an associate counsel for the plaintiff and a sheriff with a summons had made search for the chauffeur at his place of residence in Magnolia and had found the house closed and dark, and that they also had searched for him in Salem unsuccessfully. *Held,* that the evidence would not warrant a finding that the failure of the plaintiff to find the chauffeur to summon him was due to any act on the part of the defendant.

Two ACTIONS OF TORT, the first action being by a minor (hereinafter called the plaintiff) for personal injuries received when he was knocked down and run over by an automobile owned by the defendant and operated by a chauffeur (Anderson by name) in his general employ, and the second action being by the father of the plaintiff in the first action for consequential damages. Writs dated July 15, 1915.

In the Superior Court the cases were tried together before *Hitchcock,* J. The due care of the plaintiff and the negligence of the chauffeur were admitted.

The trial occupied two days. The evidence relating to the failure of the plaintiff to find the chauffeur or his wife, referred to in the opinion, was as follows:

On the second day of the trial H. R. Hodsdon, Esquire, associated as counsel for the plaintiff, testified that on the afternoon of the previous day he and the sheriff drove in a motor car to a cottage in Magnolia where the chauffeur and his wife lived in the summer and where the witness the week before had seen him and the wife and where the defendant's machine was kept; that the sheriff knocked at the back and the front doors, got no response, found no one and was unable to serve a subpœna on either the chauffeur or his wife; that the sheriff and the witness then came back to Salem and the same day in the evening again went over the road to the Anderson cottage; that the place was dark, locked up and that no one could·be found; that they then went to the defendant's house and the sheriff subpœnaed another witness; that after that they drove back to Salem, where a further search was made for Anderson; that he did not see the defendant or his wife or the touring car at Magnolia. One Minnie Fraser, who had testified on the first day of the trial, recalled on the second day, testified

that when she came to court the day before, she came from the house in a bus with the chauffeur and his wife and that they went in the bus with her and took the train from Magnolia and came to Salem; that they got off at Salem, the three of them together, and went with Mr. Merrill, a lawyer associated with counsel for the defence, that they shook hands with Mr. Merrill in the station and went with him to an office near the court house, and that she did not see Anderson after that.

Other material evidence is described in the opinion.

At the close of the plaintiff's evidence, the defendant rested and moved in each case that a verdict be ordered for him. The motions were denied. The jury found for the plaintiff in the first action in the sum of $2,000, and in the second action in the sum of $200; and the defendant alleged exceptions.

*E. C. Stone,* for the defendant.

*V. C. Lawrence,* (*H. R. Hodsdon* with him,) for the plaintiffs.

CROSBY, J. These are two actions of tort — one to recover for personal injuries received by the minor plaintiff, the other to recover for services and expenses incurred by the adult plaintiff — arising out of an automobile accident.

The automobile in question was owned by the defendant and was operated by one Anderson, a chauffeur in the general employ of the defendant. It was admitted that the minor plaintiff was in the exercise of due care and that Anderson was negligent; the only question before us is whether there was any evidence to show that Anderson was acting within the scope of his employment, at the time of the accident.

The defendant, a summer resident of Magnolia in the city of Gloucester, had left there with his family before the accident occurred. At the trial in the Superior Court he offered no evidence; and the case was submitted to the jury upon the testimony presented by the plaintiffs, at the close of which the presiding judge refused to order verdicts for the defendant.

The undisputed evidence showed that Anderson and his wife lived at the Mallard House in Magnolia, after his employer's family left at the end of the summer, and that the automobile was taken away at the end of each season; that on the morning of the accident Anderson drove the car to Gloucester and while there drank liquor at different places; that he then "went to do

an errand" and returned with a toy sail boat which he put in the back of the machine; that he was under the influence of liquor, and while returning to Magnolia the accident occurred; that later on the same day he took his wife and some other persons to Boston in the automobile.

It appeared that the defendant had two daughters — eight and two years old respectively — that Anderson had no children; and that the toy boat was an elaborate and expensive one. The plaintiff contends that the evidence was sufficient to warrant a finding that in going to Gloucester and purchasing the boat, Anderson was engaged in the performance of an errand for his employer, — that he had been sent there to purchase the boat for the defendant's daughters, and he was returning from the performance of that errand when the accident occurred.

The fact that the defendant owned the automobile is not enough to show that Anderson was acting within the scope of his employment at the time of the accident. *Hartnett* v. *Gryzmish,* 218 Mass. 258, 262. Nor was the evidence that the defendant owned the automobile and that the chauffeur was in his general employ sufficient to show that he (the chauffeur) was engaged in his master's business. *Hartnett* v. *Gryzmish, supra. Poirier* v. *Terceiro,* 224 Mass. 435.

The evidence fails to disclose that the use of the car by Anderson was an incident of his employment, as was held in *Reynolds* v. *Denholm,* 213 Mass. 576. *Campbell* v. *Arnold,* 219 Mass. 160. There is an entire absence of testimony indicating that Anderson purchased the toy boat for any child of the defendant, or if such was his purpose, that the defendant or any member of his family directed it or knew that such purchase was to be made; nor can it reasonably be inferred, upon any view of the evidence, that he was engaged at the time of the accident on any business or errand for his employer, — to decide otherwise would be to reach a conclusion based wholly upon speculation and conjecture. *Perlstein* v. *American Express Co.* 177 Mass. 530. *McCarthy* v. *Timmins,* 178 Mass. 378. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516. *Hartnett* v. *Gryzmish, supra. Marsal* v. *Hickey,* 225 Mass. 170. The case of *Heywood* v. *Ogasapian,* 224 Mass. 203, and others cited and relied on by the plaintiff, are plainly distinguishable from the case at bar. See *D'Addio* v. *Hinckley*

*Rendering Co.* 213 Mass. 465; *McKeever* v. *Ratcliffe,* 218 Mass. 17; *Donahue* v. *Vorenberg,* 227 Mass. 1.

The plaintiff also contends that the jury would have been justified in finding that at the time of the accident the chauffeur was on his way to Boston to ship the automobile to Chicago, in accordance with the defendant's instructions. The difficulty with that contention is that there is no evidence to support it; besides, in going from Magnolia to Gloucester, Anderson travelled in the opposite direction from Boston. If he went to Gloucester to obtain liquor he could not be found to be engaged in his master's business. *McCarthy* v. *Timmins, supra.*

There is nothing to indicate that the failure of the plaintiff to find Anderson or his wife on the first day of the trial that they might be subpoenaed as witnesses, was due to any act on the part of the defendant.

As verdicts for the plaintiffs were not warranted, in view of the evidence most favorable to them, it follows that the defendant's requests to direct verdicts in his favor should have been given.

*Exceptions sustained.*