ANNA C. PHILLIPS *vs.* JAMES N. GOOKIN.

Middlesex. November 14, 1918. — November 14, 1918.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Verdict. *Evidence,* Presumptions and burden of proof. *Negligence. Motor Vehicle.*

Mere disbelief of testimony is not the equivalent of evidence to the contrary.
In an action for personal injuries sustained by being struck by a motor car of the defendant, proof that the defendant owned the car, without any evidence that he was in control of it or that the person driving it was his servant, does not entitle the plaintiff to go to the jury.

TORT for personal injuries sustained by the plaintiff, a woman seventy years of age, by reason of being struck by a motor car of the defendant, alleged to have been driven negligently by a servant of the defendant, on Columbus Avenue near Holyoke Street in Boston at about half past ten o'clock on the evening of September 10, 1915. Writ dated September 17, 1915.

In the Superior Court the case was tried before *Hitchcock,* J. The evidence is described in the opinion. At the close of the evidence the defendant filed a motion asking the judge to order a verdict for the defendant. The judge denied the motion. The defendant also asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The judge refused to make this ruling and submitted the case to the jury with special questions, which with the answers of the jury were as follows:

"1. Was the defendant Gookin operating the automobile at the time when the accident occurred?" The jury answered, "No."

"2. Was Hayden employed by the defendant Gookin to operate the automobile and was he, if so employed, operating it within the scope of his employment at the time when the accident occurred?" The jury answered, "Yes."

"3. Was the automobile being operated in a careless and negligent manner at the time when the accident occurred?" The jury answered, "Yes."

"4. If the plaintiff is entitled to recover damages from the defendant, what is the amount thereof?" The jury answered, "$300."

The jury returned a general verdict for the plaintiff in the sum of $300; and the defendant alleged exceptions.

*T. J. Shea,* for the defendant.

*I. H. Fox,* for the plaintiff.

BY THE COURT. This is an action to recover compensation for personal injuries received by the plaintiff from being struck by an automobile. The testimony in the case was to the effect that the defendant, being the owner, had let the use of the automobile to one Hayden, who was driving and who was not then and never had been a servant of the defendant. If this testimony was believed, the defendant was not answerable for the wrong of the driver, *Herlihy* v. *Smith,* 116 Mass. 265; if disbelieved, there was nothing to fasten liability on the defendant. Mere disbelief of testimony is not the equivalent of evidence to the contrary. *Wakefield* v. *American Surety Co. of New York,* 209 Mass. 173, 177.

If this testimony was discredited, the only relevant fact left is that the defendant owned the automobile. That alone is not sufficient in this Commonwealth (however it may be elsewhere, see *Potts* v. *Pardee,* 220 N. Y. 431, 433) to warrant a verdict against

the defendant. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 519. *Hartnett* v. *Gryzmish,* 218 Mass. 258, 262. *Marsal* v. *Hickey,* 225 Mass. 170. *Melchionda* v. *American Locomotive Co.* 229 Mass. 202. The record is bare of anything to show that the defendant was on the machine at the time of the accident. The testimony that some unidentified person was with Hayden, although contradicted by the latter, had no tendency to show responsibility on the part of the defendant.

The motion of the defendant that a verdict be directed in his favor should have been granted. In accordance with St. 1909, c. 236, judgment may be entered for the defendant.

*So ordered.*