JAMES O'ROURKE *vs.* A-G COMPANY, INCORPORATED.

Hampden. December 3, 1918. — February 25, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency,* Existence of relation, To make admissions. *Negligence,* In operating motor vehicle. *Motor Vehicle. Evidence,* Admissions.

In an action in this Commonwealth for personal injuries sustained by being run into by a motor car, proof that the car belonged to the defendant and was being driven by the defendant's servant is not sufficient to entitle the plaintiff to go to the jury, if there is no evidence that the driver was acting within the scope of his employment at the time of the accident.

In such an action against a corporation, where it appeared that the car belonged to the defendant and that the driver was employed by the defendant as a

chauffeur, whose duties were "driving cars for rentals or taking parties out for automobile trips," evidence, that the defendant's manager on the Sunday when the accident occurred had given the driver the temporary use of the car for his own pleasure, is not evidence that the driver was the defendant's agent while acting under this permission.

A statement of the driver of a motor car, after he had run into a boy on a bicycle with the car when he was using the car with his employer's permission for his own pleasure, that his employer "would take care of the boy," is not made in the performance of the declarant's duty and is not binding on his employer.

TORT for personal injuries sustained on July 23, 1916, when the plaintiff was eleven years old and was riding a bicycle near the intersection of Taylor Avenue and Main Street in Westfield, by being run into by a motor car belonging to the defendant and alleged to have been operated negligently by a servant of the defendant. Writ dated August 2, 1916

In the Superior Court the case was tried before *Aiken,* C. J. The material evidence is described in the opinion. At the close of the plaintiff's evidence the defendant made a motion asking the Chief Justice to order a verdict for it. This motion was denied. At the close of all the evidence the defendant again moved in writing that a verdict be ordered for it. This motion also was denied. The Chief Justice submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,469. The defendant alleged exceptions

The part of the bill of exceptions relating to Munger's alleged statement, referred to in the opinion, was as follows: "James J. Sullivan, recalled as a witness for the plaintiff in rebuttal, testified that he saw the chauffeur who was driving the car; that he made a statement, which was admitted after the plaintiff's [the defendant's] objection; that this statement was, that he said he did not intend to run into the boy; that he could not help it; that he said he was employed by the A-G Company and that the A-G Company would take care of the boy; that Munger was shivering and shaking."

The case was submitted on briefs.

*S. Adams,* for the defendant.

*R. J. Morrissey & J. L. Gray,* for the plaintiff.

DE COURCY, J. The plaintiff was injured in a collision between a bicycle on which he was riding and a motor car of the defendant, near the intersection of Taylor Avenue and Main

Street in Westfield. It could be found on the evidence that the plaintiff was using due care, and that the collision was caused by the negligence of Homer E. Munger, who was operating the car. The controlling question is whether Munger, at the time of the accident, was engaged in the business of the defendant, thereby making the corporation liable for his negligent conduct.

As we construe the record, the trial judge refused to rule at the end of the plaintiff's case because the defendant did not then rest. See *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465, 468. After all the testimony on both sides was submitted, the defendant renewed his motion for a directed verdict; and we consider the case as presented on all the evidence.

It appears that the defendant was engaged in a car rental and express business, employing six chauffeurs, with a Ford car for each. Munger had been working for the company about three months. His duties were "driving cars for rentals or taking parties out for automobile trips." The accident happened shortly before noon on Sunday, July 23, 1916. There was testimony on behalf of the defendant that, although Munger sometimes worked on Sunday, he had been permitted by the manager to use his car on this Sunday morning to take his family on a pleasure trip to his sister's house at Granby; that he had left the family there, returned alone to Westfield, and was on his way to the garage when the collision occurred.

If this testimony was believed, plainly the defendant could not be held responsible for the injury suffered by the plaintiff. It is legally liable for an employee's negligent operation of its car only when that employee is engaged in the prosecution of its business and acting within the scope of his employment. Even assuming that the jury did not credit this testimony, the only relevant facts left in the record are, that the defendant owned the car and that Munger was in its general employ. As was said in *Hartnett* v. *Gryzmish*, 218 Mass. 258, 262, "Whatever may be the rule elsewhere . . . it never has been the rule here that simple proof of the ownership of the car by the defendant and that the chauffeur is his servant makes out a *prima facie* case for the plaintiff on the question whether on an occasion like that in the present case the chauffeur was acting within the scope of his employment." See also *Marsal* v. *Hickey*, 225 Mass. 170; *Gardner* v. *Farnum*, 230

Mass. 193; *Phillips* v. *Gookin,* 231 Mass. 250. The manager's consent to Munger's temporary use of the car for his own pleasure did not carry with it the corporation's responsibility for Munger's negligent conduct. *Teague* v. *Martin,* 228 Mass. 458, 461.

/The record does not disclose any facts from which, notwithstanding his testimony to the contrary, an inference reasonably could be drawn that Munger was acting for and representing the defendant at the time of the accident. Such facts did exist, for instance, in *Roach* v. *Hinchcliff,* 214 Mass. 267, *Hopwood* v. *Pokrass,* 219 Mass. 263, *Heywood* v. *Ogasapian,* 224 Mass. 203, and *Teague* v. *Martin, supra.* Nor was the personal use of his employer's car an incident of Munger's employment, as in *Reynolds* v. *Denholm,* 213 Mass. 576, and *McKeever* v. *Ratcliffe,* 218 Mass. 17. And there were no admissions by the defendant to the effect that the chauffeur was acting within the scope of his employment at the time of the accident, as in *Ouimette* v. *Harris,* 219 Mass. 466. Munger's alleged statement "that the A-G Company would take care of the boy" was not made in the performance of his duty and was not binding on the defendant. *Murphy* v. *Fred T. Ley & Co. Inc.* 210 Mass. 371. *Hathaway* v. *Congregation Ohab Shalom,* 216 Mass. 539, 544.

The burden was on the plaintiff to prove that the driver of the motor car was acting in the scope of his employment for the defendant corporation at the time of the accident. In our opinion the evidence introduced and the reasonable inferences of fact therefrom did not warrant the jury in so finding; and the defendant's first and second requests should have been given.

The exceptions must be sustained, and judgment for the defendant must be entered, under St. 1909, c. 236.

*Ordered accordingly.*