JOHN CANAVAN, administrator, *vs.* HUBERT T. GIBLIN.

Suffolk.    January 21, 1919.—February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Negligence,* In operating motor vehicle.  *Agency,* Existence of relation.  *Motor Vehicle.*

In an action by an administrator for the conscious suffering and death of the plaintiff's intestate by reason of being struck when crossing a highway by a motor car alleged to have been owned by the defendant and operated by his servant, it appeared that the defendant was a grocer and owned two motor cars used in connection with his business, one of which was in use at about the time of the accident, and there was evidence that the car that struck the plaintiff's intestate was owned by the defendant, but there was nothing to indicate where the car was going or who was in charge and control of it and it did not appear who its occupants were or what were its contents. *Held,* that, even assuming that there was evidence that the car was being operated negligently, which was not decided, there was no evidence that the car was operated by the defendant or by his servant or agent while engaged in the defendant's business.

TORT by the administrator of the estate of Joseph Canavan for the conscious suffering and death of the plaintiff's intestate, a boy seven years and eight months old, from being struck by a motor car of the defendant alleged to have been operated negligently by the defendant or his agents and servants on December 13, 1916, when the plaintiff's intestate was walking on Dorchester Avenue in the part of Boston called Dorchester and was about half way over the cross walk on Edison Green, an intersecting side street.  Writ dated February 16, 1917.

The answer contained an allegation that negligence of the plaintiff's intestate contributed to his injury.

In the Superior Court the case was tried before *Hall,* J.  At the close of the plaintiff's evidence, which is described in the opinion, the defendant rested, and the judge upon the pleadings and the whole evidence ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*E. J. Sullivan,* for the plaintiff.

*E. C. Stone,* for the defendant.

CARROLL, J.  The plaintiff's intestate, while walking in a northerly direction on Dorchester Avenue in Boston, when "about

half way over the cross walk on Edison Green," a side street, was struck by a motor car going "pretty fast" in a southerly direction, which "suddenly turned the corner of Dorchester Avenue and Edison Green and without stopping continued through Edison Green." He died from the effects of the injury. This action is for his death and conscious suffering. In the Superior Court a verdict was directed for the defendant.

Assuming that the plaintiff's intestate was in the exercise of due care and that it could have been found that the motor car which struck him was owned by the defendant, and assuming also, but without deciding, that there was evidence of negligence in its management, there is nothing in the facts disclosed on the record to show that when the deceased was injured the motor car was operated by the defendant or by his servant or agent while engaged in the defendant's business.

The plaintiff relies on the defendant's answers to certain interrogatories to show that at the time of the injury the motor car was in the control of his agent. The defendant denied that the car which injured the plaintiff's intestate belonged to him and in answer to an interrogatory stated: "None of my automobiles was at the scene of the accident at the time of the accident."

The defendant, a grocer, with stores at 804 and 808 Dorchester Avenue, owned two motor cars in connection with his business, one of which was in use about the time of the accident. But taking all the evidence in its aspect most favorable to the plaintiff, there is nothing to indicate where the motor car in question was going or who was in charge and control of it; and it does not appear who its occupants were or what were its contents. The record is entirely bare of any evidence tending to show that it was engaged in the defendant's business or that it was operated or managed by any of his agents. It is well settled that proof of ownership of a motor car affords no presumption that it was in the control of the owner or his agent, or engaged in the owner's business, at the time of an accident. Even if the defendant's testimony were disbelieved, as contended by the plaintiff, that does not furnish affirmative evidence of the facts denied. The evidence does not show that the defendant was liable. *Phillips* v. *Gookin,* 231 Mass. 250, and cases cited.

On the record, *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465, is not applicable to the case at bar.

As the plaintiff cannot recover for the reasons stated, it is unnecessary to consider the other questions raised at the trial. The exceptions are overruled and judgment is to be entered for the defendant.  St. 1909, c. 236.

*So ordered.*