### MARY L. R. BISHOP *vs.* JOHN V. PASTORELLI.

Middlesex.    October 18, 19, 1921. — November 22, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Evidence*, Presumptions and burden of proof, Inference.    *Motor Vehicle*, Ownership, Operation.    *Negligence*, In use of motor vehicle, Contributory negligence.    *Practice, Civil*, Exceptions, Judgment under G. L. c. 231, § 122.

At the trial of an action against a man named P for personal injuries resulting from the plaintiff being struck by a motor vehicle, the registration number of the motor vehicle was not shown and there was no evidence that the vehicle was registered in the name of the defendant or was owned or operated by him.    A police officer, who arrived at the place of the accident after it occurred and after the plaintiff had been carried into a building, and who saw no part of the accident, testified that, after sending the plaintiff to the hospital he took P "down to the station."    Another witness, having testified that he had pointed out on the street to the police officer the place where the accident happened, where the automobile stopped and some marks on the  street, was asked, "Now, was P around anywhere at that time?" and answered, "He was there when" the police officer "was there, and I showed him the place and he said that was just about the spot."    At no time in the trial was the defendant pointed out or identified in any way by any one in the presence of the jury.    The defendant rested at the close of the plaintiff's evidence.    *Held*, that there was no evidence warranting a finding that the motor vehicle which struck the plaintiff was owned by the defendant or was operated by him or by his agent acting within the scope of his employment.

At the close of the plaintiff's evidence at the trial above described, the defendant rested and moved that a verdict be ordered in his favor, calling to the attention of the trial judge the absence of any evidence warranting a finding either that the motor vehicle which struck the plaintiff was owned by the defendant or was operated by him or by his agent acting within the scope of his authority; and again did so at the close of the charge to the jury.    The plaintiff at no time asked leave to reopen the case for the purpose of offering evidence warranting

such findings. In sustaining the defendant's exception to a refusal to order a verdict in his favor, it was *stated* that this court was not convinced upon the record that the case was one where judgment ought to be ordered for the defendant under G. L. c. 231, § 122.

At the trial of the action above described, where the defendant rested at the close of the plaintiff's evidence and the evidence which then had been introduced did not warrant a finding for the plaintiff, no inference could be drawn against the defendant for failure to offer evidence in his own behalf or to testify.

At the trial above described, there was evidence tending to show that the plaintiff, a woman, when struck by the motor vehicle, was hurrying across a street for the purpose of boarding a waiting street car, that she paused on the curbing an instant to look for approaching vehicles and, seeing none, went forward. *Held*, that it could not be ruled under G. L. c. 231, § 85, that the defendant had sustained the burden of proving contributory negligence on the part of the plaintiff.

TORT, for personal injuries received when the plaintiff, while a traveller upon Beacon Street in Brookline near the intersection of Fairbanks Street on October 17, 1919, was struck by a motor vehicle alleged to have been owned and operated by the defendant. Writ dated December 15, 1919.

In the Superior Court, the action was tried before *White*, J. Material evidence is described in the opinion. At the close of the evidence of the plaintiff, the defendant rested and asked for the following rulings:

"1. On all the evidence the defendant was not negligent.

"2. The defendant has sustained the burden of proof as to the affirmative defence of contributory negligence."

"4. The mere proof of injury to a pedestrian raised no question of negligence on the part of the driver of the motor vehicle."

"19. That there is no evidence that the automobile which struck the plaintiff in this action was driven by the defendant.

"20. That there is no evidence that the automobile which struck the plaintiff in this action was driven by the defendant, his servants or agents.

"21. That there is no evidence that the automobile which struck the plaintiff in this action was owned or operated by the defendant."

In his argument upon the foregoing requests for rulings the defendant's counsel called the attention of the trial judge "to the fact that there was absolutely no evidence in the case that the defendant owned the automobile which was involved in the acci-

dent, or that the defendant operated it or that it was operated by any servant or agent of the defendant's, or that the defendant had anything to do with it or ever saw it before, or was concerned in the accident in any way whatever," and "that there was no evidence as to what kind of an automobile it was or what its number was or in whose name it was registered, or that the defendant himself or any servant or agent of his was even in the automobile at the time of the accident or was controlling it or was even in the vicinity." The same contentions were put forward at the close of the charge to the jury.

The rulings were refused. The jury found for the plaintiff in the sum of $19,790.92; and the defendant alleged exceptions.

*M. M. Johnson*, for the defendant.

*R. S. Fickett*, (*C. P. Howard & S. C. Snow* with him,) for the plaintiff.

RUGG, C. J. This is an action of tort wherein the plaintiff, a pedestrian upon the highway, seeks to recover compensation for bodily injuries sustained by her, as alleged in her declaration, by reason of the negligence of the defendant in driving an automobile owned by him against and upon her.

The record discloses nothing whatever to indicate that the automobile, which struck the plaintiff, was owned or driven by the defendant or by an agent of the defendant acting within the scope of his authority. No evidence was offered by the defendant. He rested at the close of the plaintiff's case. It is stated in the bill of exceptions that "at no time in the trial was the defendant pointed out or identified in any way by any witness or by counsel or by the court or by anybody else in the presence of the jury." The number of the automobile was not shown. There was no evidence that it was registered in the name of the defendant or was owned or operated by him. A police officer, who did not see the accident nor any part of it and who arrived at the place where it occurred after the plaintiff had been carried into a building, testified: "After sending Miss Bishop to the hospital I took Mr. Pastorelli down to the station." Another witness testified that he pointed out on the street to this police officer the place where the accident happened, where the automobile stopped, and some marks on the street. He then was asked: "Now, was Mr. Pastorelli around anywhere at that time?" and answered: "He was

there when Mr. Meade [the police officer] was there, and I showed him the place and he said that was just about the spot.   Q. That's what Mr. Pastorelli said?   A. Yes sir."   There is nothing more than this to show that the "Mr. Pastorelli" thus referred to was the defendant.   Whether this would be enough to show identity need not be decided.   *Ayers* v. *Ratshesky,* 213 Mass. 589.   However that may be, no discussion is necessary to demonstrate that this constitutes no evidence that the defendant John V. Pastorelli owned the automobile whereby the plaintiff was injured, or was driving it himself or was authorizing any servant of his to be driving it at the time of the accident.   *Marsal* v. *Hickey,* 225 Mass. 170.   *Phillips* v. *Gookin,* 231 Mass. 250.   *Melchionda* v. *American Locomotive Co.* 229 Mass. 202.   *O'Rourke* v. *A-G Co. Inc.* 232 Mass. 129.   *Gardner* v. *Farnum,* 230 Mass. 193.   *Teague* v. *Martin,* 228 Mass. 458.   *Canavan* v. *Giblin,* 232 Mass. 297.

Although the plaintiff might have asked leave to reopen the case for the purpose of offering evidence respecting this point, yet we are not convinced upon the record that this is a case where judgment ought to be ordered for the defendant under G. L. c. 231, § 122.

No inference can be drawn against the defendant for failure to testify, because he was under no obligation to produce evidence until a case adversely affecting his interests had been shown by the plaintiff.   *Howe* v. *Howe,* 199 Mass. 598, 603.

It could not have been ruled as matter of law that the burden of proving contributory negligence of the plaintiff, now resting on the defendant, was sustained.   The plaintiff was hurrying across the street for the purpose of boarding a waiting street car. According to her testimony she paused on the curbing an instant to look for approaching automobiles and, seeing none, went on her way.   Without narrating the evidence at length, it is enough to say that this aspect of the case presented a question of fact for the consideration of the jury.   *Chaplin* v. *Brookline Taxi Co.* 230 Mass. 155.   *Lynch* v. *Fisk Rubber Co.* 209 Mass. 16.   *Rogers* v. *Phillips,* 206 Mass. 308.   *Rasmussen* v. *Whipple,* 211 Mass. 546. *Shea* v. *Boston Elevated Railway,* 217 Mass. 163.   *Buoniconti* v. *Lee,* 234 Mass. 73.   *Kaminski* v. *Fournier,* 235 Mass. 51.   G. L. c. 231, § 85.

The question of the negligence of the driver of the automobile

is close on this record, but need not now be decided since the evidence may be different at a new trial.

*Exceptions sustained.*