MELINDO PORCINO *vs.* ANTONIO DE STEFANO.

Suffolk. November 17, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Agency,* Scope of employment. *Evidence,* Presumptions and burden of proof, Admission by conduct, Absence of evidence. *Practice, Civil,* Effect of resting at close of plaintiff's case.

The mere facts, appearing at the trial of an action for personal injuries due to a collision with a motor truck, that at the time of the collision the truck was owned by the defendant and was being operated by one who was in his general employment, will not warrant a finding that at the time of the collision the operator was acting within the scope of his employment.

In the action above described, it further appeared that, at the time of the collision, the defendant's truck was empty, that it was on a ferry travelling from East Boston, where the defendant maintained a garage, to Boston, which was a direct route from the garage to a place where the defendant was doing work on Atlantic Avenue in Boston. There was no evidence that the truck was registered in the defendant's name nor any direct evidence that on the day of the collision it had been used in the defendant's work. *Held,* that the circumstance that the operator crossed the ferry from the place where it could be found that the defendant conducted a garage would not be evidence that the operator at the time of the collision was engaged in the defendant's business, and that there was no evidence warranting a finding that at the time of the collision the operator was engaged in the defendant's business.

Where, at the trial of an action of tort for personal injuries, the defendant rests at the close of the plaintiff's evidence and, subject to his exception, a motion for a verdict in his favor is denied and a verdict is returned for the plaintiff, his failure to introduce evidence will not support an inference in favor of the plaintiff's contentions if it does not appear that the plaintiff's evidence warranted the verdict.

TORT for personal injuries and damage to a horse and wagon caused by a collision with a motor truck alleged to have been operated by an employee of the defendant in the course of his employment. Writ dated July 30, 1920.

In the Superior Court, the action was tried before *Qua,* J. Material evidence is described in the opinion. The defendant rested at the close of the plaintiff's evidence and moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $700; and the defendant alleged exceptions.

*E. J. Sullivan,* for the defendant.

*J. E. Crowley,* for the plaintiff.

CROSBY, J. The plaintiff, while driving a horse attached to a wagon, received personal injuries and his horse and wagon were damaged, by reason of an automobile truck colliding with the wagon.

The plaintiff testified that he came from East Boston across the ferry and that the truck was behind him on the boat; that before the accident he had seen the truck which was used to carry bricks and sand; that he knew the defendant; that there was a sign on the truck "De Stefano, Contractor;" that he had seen the truck in many places on different jobs where that contractor was working; that he saw the truck at a garage; that there was a sign on the garage reading "De Stefano, Contractor;" that the word "Contractor" was written in Italian; that "there were other automobiles in the garage with signs stating 'De Stefano, Contractor';" that he saw the defendant there where he was "acting as a boss going about the garage;" that he saw the man who was driving the truck at the time of the accident on previous occasions when he was driving the truck; that before the accident he had seen this driver with the truck on the ferry boat and in other places, and that he had seen him carrying sand and gravel to a new street which the defendant was rebuilding; that there was a sign at this place on Atlantic Avenue with the name on it "De Stefano, Contractor;" that he had seen the driver of the truck on Everett Street, East Boston, in front of the garage; that after the accident he went to the defendant's place and saw there the man who drove the truck and talked with him; that the direct way from the garage to the place on Atlantic Avenue where the work was being done was across the ferry; that work was being done there about a month before the accident, and was still in progress about a month thereafter. He further testified that the truck was made of iron, without sides; that it was a three-ton dump truck used to carry bricks, sand and other heavy material; that he had seen this driver carry and unload sand, stone and other material at the place in question on Atlantic Avenue; and that at the time of the accident the truck was empty.

The foregoing is all the material evidence relating to the ownership of the truck, and upon the issue whether at the time of the

accident it was being used in the business of the defendant. No question respecting the plaintiff's care or the negligence of the defendant is argued.

If we assume that the truck was owned by the defendant and that the driver was in his general employment, it remains to be determined whether there was any evidence to warrant a finding that at the time of the accident the driver was engaged in doing work he was directed to do. *Perlstein* v. *American Express Co.* 177 Mass. 530. If the servant was not then engaged in the course of his employment but was acting for a purpose of his own, the master would not be liable. If the defendant was the owner of the truck, and the driver was in his general employment, those facts would not be sufficient to show that he (the driver) was acting within the scope of his employment at the time of the accident. *Hartnett* v. *Gryzmish,* 218 Mass. 258. *Gardner* v. *Farnum,* 230 Mass. 193, 196. The circumstance that the driver crossed the ferry from the place where it could be found the defendant conducted a garage would not be evidence that he was engaged in the defendant's business, although, after leaving the ferry, he could have travelled directly to the place where the defendant was constructing the street, because when he left the ferry he might have travelled to any other part of Boston. Nor could it be inferred that he was carrying material to the place where the defendant was engaged in doing work, because it appears that the truck was empty: there was no evidence that it was registered in the name of the defendant, nor that on the day of the accident it had been used in work being done by him.

A majority of the court are of opinion that at the time the plaintiff was injured it was not shown that the driver was engaged in the business of his employer. Any other conclusion would be based upon speculation and conjecture. The case falls within such decisions as *Hartnett* v. *Gryzmish, supra, Marsal* v. *Hickey,* 225 Mass. 170, *Teague* v. *Martin,* 228 Mass. 458, *Gardner* v. *Farnum,* 230 Mass. 193, *Phillips* v. *Gookin,* 231 Mass. 250, *Canavan* v. *Giblin,* 232 Mass. 297, *Bishop* v. *Pastorelli,* 240 Mass. 104; and is distinguishable in its facts from *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465, *Hopgood* v. *Pokrass,* 219 Mass. 263, *Heywood* v. *Ogasapian,* 224 Mass. 203, *Breen* v. *Dedham Water Co.* 241 Mass. 217.

The plaintiff contends that the defendant "offered no evidence to explain the evidence produced by the plaintiff which bore against the defendant," and that it was open to the defendant to show that the driver of the truck was not driving it on the defendant's business at the time of the accident. The answer to this contention is that the defendant was not required to testify or to offer any evidence in his behalf, for the reason that no case adversely affecting his rights or interests had been shown by the plaintiff. *Bishop* v. *Pastorelli, supra.* The entire evidence offered by the plaintiff did not show liability on the part of the defendant; therefore, it required no explanation. The cases cited by the plaintiff upon this question have no application to the evidence in the case at bar.

*Exceptions sustained.*