Sullivan, J.
By this action of tort, the plaintiff seeks damages for the injury done to his automobile because of the alleged negligent operation of the defendant’s truck on the night of January 28, 1942 while the plaintiff was making a right turn at the junction of Memorial Drive and Boylston Street in Cambridge. The defendant alleged contributory negligence and entered a general denial.
There was evidence that at about eleven forty-five p. m. the plaintiff’s car approached a red light control signal at the intersection of Boylston Street known as the Lars Anderson Bridge and Memorial Drive and stopped; that when the signal traffic light showed a green arrow, moved, on making a right turn into Boylston Street in the direction of Brighton and while in said Boylston Street but a short distance was struck by the defendant’s truck passing on the left of the plaintiff causing the damage as alleged in the *25 plaintiff’s declaration. Both parties came thereafter to a stop and alighted from their vehicles, when the plaintiff and his passenger saw the name “F. S. Willey Co.,” or “Willey Co.,” and the word “Providence” on the side of the defendant’s truck; that the plaintiff talked to the driver of the truck securing the number of the truck but did not have it with him at the trial. An insurance investigator, an employee of the Markel Service that adjusted accident claims on behalf of insurance companies, was placed on the witness stand by the plaintiff’s counsel who asked the following questions that were objected to and for which the defendant claimed a report. 1. “Who is the client of your office?” and the answer was “F. S. Willey Co., Inc.” 2. “What name appears in the office ledger?” and the answer was “F. S. Willey Co., Inc.” 3. “What does the file say as to who is the defendant?” and the answer was “F. S. Willey Co., Inc. ’ ’ The witness had previously been requested to “tell what you know about this accident” to which he replied “all I know is that I brought the file in to Mr. Prendergast. ’ ’ The witness had the claim to investigate.
The following request of the defendant was denied. “1. There is not sufficient evidence to warrant the court in finding that the negligence of the defendant caused the damages alleged by the plaintiff in his writ and declaration.” The court in its denial found “as a fact that McKenzie and his companion, Varnum, read the name F. S. Willey, Inc. on the truck that hit the car of the plaintiff on Boylston Street, Cambridge into which it had turned from Memorial Drive.”
The trial court found as a fact that the plaintiff’s car in making a turn on the Lars Anderson Bridge from Memorial Drive on the appearance of the green arrow when it was within eighteen inches of the right curb was struck on its left front wheel and ran up on its front knocking off its left front headlight and that there was no other evidence of the collision. There was a finding for the plaintiff.
*26 The report is alleged to contain all the evidence material to the issues raised.
It is a general principle that a collision between automobiles at intersecting streets presents questions of fact as to the due care and contributory negligence of the plaintiff and the negligence of the defendant. Ferreira vs. Zaccolante, 281 Mass. 90, 91, 92. Bresnick vs. Heath, 292 Mass. 293. Gibbons vs. Denencourt, 297 Mass. 448. Cohen vs. Martin, 298 Mass. 425, 427.
It is not the function of this division to review the evidence, but only to determine whether the finding of the trial judge can be supported on any reasonable view of the testimony. Winchester vs. Missin, 278 Mass. 427, 428. Moss vs. Old Colony Trust Co., 246 Mass. 139, 143. O’Toole vs. Magoon, 295 Mass. 527, 530 and cases cited.
There is no evidence that the defendant involved is the owner of the truck that caused the damage to the plaintiff’s car; that the defendant has a business in Providence; that the operator of the said truck was in the employ of the defendant ; that if he was so employed that he was on his master’s business at the time of the accident; that the truck was registered to the defendant.
See the following cases that are in point and controlling, Cochrane vs. Great Atlantic & Pacific Tea Co., 281 Mass. 386, 391. Francis O’Keefe vs. Wm. J. Barry Co., Mass. Adv. Sh. (1942) 887, 889, 890 and cases cited. Phillips vs. Gookin, 231 Mass. 250. Canavan vs. Giblin, 232 Mass. 297, 298.
We are of the opinion that the plaintiff has not sustained the burden of proof.
It was prejudicial error to allow the questions above set forth as it does not appear that the witness had authority to make such disclosures, that he knew who prepared the memorandum from which he testified nor that information set forth was prepared' by an employee of the insurance *27 company, and there is no evidence so given connects up the defendant as being the owner of the truck. Kana vs. Fishman, 276 Mass. 206. Comm. vs. Levine, 280 Mass. 83. Conti, Adm. vs. Brockton Ice & Coal Co., 295 Mass. 152.
For reasons above set forth it was prejudicial error to deny the defendant’s request numbered one.
The finding for the plaintiff is vacated and a finding for the defendant is made.