### Northern District

Nos. 6041, 6042

**THOMAS MILLER**

v.

**IRENE LAWSON**
**IRENE LAWSON**

v.

**THOMAS MILLER**
and
**NANCY MILLER**

*Present*: Brooks, P.J., Connolly & Parker, JJ.

Case tried to *Troy, J.* in the Municipal Court of Dorchester. Nos. R-381, 381A.

This opinion covers both the above cases.

*Connolly, J.* Case #6041 is for property damage arising out of collision between plaintiff's car driven by his daughter Nancy and a car owned and operated by defendant Irene Lawson.

In case #6042 Irene Lawson sues defendants Thomas Miller, owner, and Nancy Miller,

operator, for personal injuries and property damage.

There is no substantial conflict in the testimony. Mrs. Lawson testified that about noon of August 11, 1960 she was driving her car northerly on Hallett Street in Dorchester. Arriving at the intersection with Gallivan Boulevard, an eight lane highway divided in the middle by an island, she stopped, looked both ways and having a clear view to her left for five hundred (500) feet and seeing no vehicle approaching she proceeded across three lanes of the east bound portion of the Boulevard. There she collided with the Miller car coming from her left and striking her left front door. At no time did she see the Miller car before or after the accident, having blacked out as a result of the accident.

The only other witness was Thomas E. Miller who testified to the damage to his car which amounted to $765.00. He did not witness the accident. On cross examination by attorney for Irene Lawson, he was asked about a conversation that he had had with his daughter Nancy when she called him on the telephone about the accident. She did not appear at the trial.

Over the objection of counsel the following interrogation took place:

Question: Did you ask her any more questions—any questions in regard to how the accident happened?

Answer: Well, I asked if she had seen it,

she said no. She just came out.

Question: You asked her if she had seen it and she said no. You mean, the other car?

Answer: She was very excited and I didn't know what—

Question: If I understand you right, Mr. Miller, your daughter said when you asked her if she had seen it, you mean the other car?

Answer: The only thing I knew she had an accident with Mrs. Lawson.

Question: Did she say to you that she didn't see the other car, is that right?

Answer: Well, the first thing she saw Mrs. Lawson's car right there and they collided.

Question: Did she say to you she didn't see the other car, is that what you told us a few minutes ago?

Answer: I would say probably she did, I wouldn't—

Question: You're not sure whether she did or didn't?

Answer: No. I was in Nashua, New Hampshire.

Question: I understand that, that's where you live. But did she give you any other information in regard to the accident?

Answer: No, none at all.

Question: Did she tell you how it happened?

Answer: No, no more than I told you.

Question: Did she tell you at what speed she was operating on Gallivan Boulevard?

Answer: She said she was following the line of traffic.

Plaintiff Miller filed the following requests for rulings:

1. The evidence does not warrant a finding for the defendant.
2. The evidence warrants a finding for the plaintiff.

Both requests were denied and the judge found for defendant.

In the action against the Millers, the defendant filed the following requests for rulings which were disposed of as hereinafter indicated:

1. The evidence does not warrant a finding for the plaintiff. *Denied. I find that as a fact that the plaintiff being in the exercise of due care suffered injury due to the negligence of the defendant.*
2. The evidence does not warrant a finding that the defendant, Nancy A. Miller, was negligent. *Denied, as I find as a fact that the defendant, Nancy A. Miller, was negligent.*
3. The evidence does not warrant a finding that the defendant, Nancy A. Miller, was an agent, servant or employee of the defendant, Thomas A. Miller. *Denied.*
5. The plaintiff, Irene A. Lawson, was guilty of contributory negligence as

a matter of law and therefore cannot recover. *Denied, as I specifically find as a fact that the plaintiff was in the exercise of due care.*

6. The evidence does not warrant a finding that the plaintiff, Irene A. Lawson, was free from contributory negligence. *Denied, as I find as a fact that the plaintiff was in the exercise of due care and free from contributory negligence.*

7. The evidence warrants a finding for the defendant, Thomas R. Miller. *Denied.*

8. The evidence warrants a finding for the defendant, Nancy A. Miller. *Denied.*

9. The evidence warrants a finding that the plaintiff, Irene A. Lawson, was negligent and that such negligence contributed to her injuries. *Denied, as I specifically find that the plaintiff was in the exercise of due care and not negligent.*

It is clear that Nancy Miller was not the agent for her father. The report, in *Miller v. Lawson,* #6041 states: "Nancy Miller was operating the car for her own purpose." Therefore the finding against him was unwarranted. *Porcino v. DeStefano,* 243 Mass. 398, 400; *Ouellette v. Bethlehem-Hingham Shipyard, Inc.,* 321 Mass. 390, 393. It is likewise clear that the two operators were in precisely the same situation except for one important difference. While neither

operator saw the other before contact, although each had a clear view, Irene Lawson was entering from a side street into a main thoroughfare. There was, therefore, a greater burden on her to be careful.

If, as the judge found, Nancy Miller was negligent, it must have been because she did not see the Lawson car which was in plain view. The same however can be said of Irene Lawson who had a clear view of five hundred (500) feet and failed to see the car which must have been in plain view.

Under these circumstances the judge could not properly find one party in the exercise of due care and the other negligent. What is sauce for the goose is sauce for the gander. It seems apparent that both operators were negligent.

The language in *Pigeon v. Massachusetts Northeastern Street Railway,* 230 Mass. 392, 296 is pertinent to the situation before us. In that case one of the plaintiffs was operating an automobile across a street-car track at the point where if there were a street car close by, it would be plainly seen. The trolley car hit the automobile injuring the operator and passengers.

The court, Rugg C. J. said: ·

"All the evidence . . . . . permits only one rational inference and that is that the negligence of the plaintiffs directly contributed to their injuries. It was daylight . . . . . As it (automobile) started they were about nineteen (19) feet from the rail. The

automobile was just starting from a stationary position on low speed and necessarily moving slowly. It could have been brought to a stop almost instantly. The record discloses a situation where the plaintiffs, each on his, or her, own account, went into the path of a known danger in plain sight without rational explanation consistent with due care . . . . . Not withstanding the oral testimony to the effect that each looked for the car in the direction from which it came, the fact of the accident demonstrates that it was within plain field of vision for each one, for a sufficient period of time, to have enabled Pigeon to stop his automobile if any of them had seen and spoken of the danger . . . . . Essential circumstances undisputed or shown by the testimony of each plaintiff are incompatible with any other reasonable conclusion than that each by negligent conduct helped to bring on the accident."

It was argued by counsel for the Millers that the only evidence as to the operation of Nancy Miller was improperly admitted and that without this evidence there was no evidence of her negligence. The evidence in question, it will be recalled, could be taken as an admission by her that she negligently failed to see the Lawson car.

This evidence should have been excluded as hearsay and is in no way binding on Thomas Miller. However under District Court Rule #27 where objection is made to

the admission of evidence a claim for a report should be reduced to writing and filed in the court within five days after the hearing of all the evidence. That Rule was not followed in this case, therefore no capital can be made out of what could have provided a ground for at least arguing the subject on appeal.

On the other hand it could be argued that the error is not prejudicial. We agree but for slightly different reasons from those put forward by the Lawson counsel. Had there been no evidence of Nancy Miller driving and failing to see a car in plain sight, the trial judge would not have placed himself in the paradoxical situation where he decided two substantially similar issues differently, thereby raising doubt as to the basis of his decision.

In case #6041 there was evidence to warrant a finding for plaintiff Thomas Miller, that is to say, evidence of defendant Lawson's negligence. The denial of plaintiff's second request was, therefore, error. Indeed, on the face of the evidence it seems clear that defendant was negligent and that there being no negligence on the part of plaintiff there should have been a finding for plaintiff.

*In case #6041 the finding for defendant is to be vacated and a finding is to be entered for plaintiff in an amount to be determined at a new trial on damages only.*

*In case #6042 the finding for plaintiff is to be vacated and a finding is to be entered for defendant.*

Augustine P. Turnbull, Jr. for the Plaintiff, Lawson.

Paul Fulton for the Defendant, Lawson.

Andrew G. Meyer for the Plaintiff, Miller and Defendant, Miller.