ERRICO D'ADDIO *vs.* HINCKLEY RENDERING COMPANY.

Suffolk.   November 20, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Agency,* Existence of relation, Scope of employment. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Interrogatories.

At the trial of an action against a corporation for personal injuries alleged to have been caused by the plaintiff being run over by a team driven by a servant of the defendant, the only evidence offered by the plaintiff to show that the driver of the team was a servant of the defendant acting within the scope of his employment was some oral testimony and answers of the defendant's treasurer to interrogatories propounded to him by the plaintiff. The oral testimony tended to show that the defendant's name was on the wagon, that the accident happened during the usual working hours of the day, and that the team previously had been on the street where the accident happened. The treasurer in answer to an interrogatory, whether a wagon controlled by the defendant caused injuries to the plaintiff at the time and place in question, stated, "I do not believe that the plaintiff received any substantial injuries, and from the best information I can get, if the plaintiff ever did receive any injury, it was due to his own fault, or to that of his legal custodian." In answer to interrogatories asking in substance whether a report concerning the accident was made to the defendant by him or by any other official of the corporation and for a copy of the report, the treasurer answered merely, that, upon receiving a letter from the plaintiff's attorney "claiming that the plaintiff had been injured," an investigation and a report had been made, and that he "as treasurer" made no report. Replying to an interrogatory asking whether the person driving the team in question was in the employ of the defendant, the treasurer answered that "a man in the general employment of the defendant was driving a team" at the time and place of the accident. In reply to an interrogatory as to the duties of such driver, the treasurer answered, describing his duties, and stating that "the purpose of his being" at the place in question at the time of the accident "was in no way concerned with" the duties so described. *Held,* that the oral testimony, taken in connection with the substance and character of the answers to the interrogatories, warranted a finding that the driver of a team was a servant of the defendant and was acting within the scope of his employment.

When it is within the power of a party to an action to explain things apparently telling against him and he fails to make the explanation, the inference properly may be drawn that no truthful explanation will help him.

TORT, for personal injuries alleged to have been caused by the plaintiff, a boy twenty months old, being run over on Prince Street in Boston by a wagon owned by the defendant and in which an employee of the defendant was driving. Writ in the Municipal Court of the City of Boston dated October 20, 1910.

On appeal to the Superior Court the case was tried before *Lawton,* J. The material facts are stated in the opinion. At the close of the plaintiff's evidence, the defendant rested, and the judge ordered a verdict for the defendant and reported the case to this court for determination, the parties stipulating that, if upon the evidence the plaintiff was entitled to recover, judgment should be entered in his favor in the sum of $240, and that otherwise judgment should be entered for the defendant.

The case was submitted on briefs.

*G. P. Beckford,* for the plaintiff.

*E. C. Stone,* for the defendant.

HAMMOND, J. The only question argued before us by either counsel is whether the evidence would have warranted a finding that the team which is alleged· to have caused the injuries to the plaintiff was at the time of the accident owned by the defendant and driven by its servant acting within the scope of his employment.*

The evidence upon this question consisted in part of the oral testimony of witnesses called by the plaintiff and in part of the written answers of the defendant's treasurer to interrogatories to him, filed by the plaintiff. The only oral evidence as to the wagon was that it was "a soap grease team" and had upon it the name "Hinckley Rendering Company" (which is the defendant's corporate name), and the number "26." The only oral evidence as to the driver was that he was known to one of the plaintiff's witnesses, she "having known him a number of years when he used to collect soap grease." If the evidence had stopped there, it might have been said that the plaintiff had not shown enough to entitle him to go to the jury. But the evidence did not stop there. The answers of the treasurer were singular, and are significant upon the question. The interrogatories directly pertinent to this inquiry and the answers thereto are the following:

"Int. 10 — On September 23, 1910, did a horse and wagon operated or controlled by the Hinckley Rendering Company cause injuries to the plaintiff on Prince Street, Boston?

---

* The report stated as follows: "There was evidence offered by the plaintiff of his having received injuries by being run over by a wagon. There was evidence for the jury on the questions of the plaintiff's due care and the defendant's negligence."

"Ans. . . . I do not believe that the plaintiff received any substantial injuries, and from the best information I can get, if the plaintiff ever did receive any injury, it was due to his own fault, or to that of his legal custodian.

"Int. 11 — Was a report made to the Hinckley Rendering Company or any of its officials or agents, or servants, on September 23, 1910, or any time subsequent thereto concerning an accident or injuries to the plaintiff in this case, which occurred on September 23, 1910, on Prince Street in Boston?

"Ans. . . . Upon the receipt of a letter from the plaintiff's attorney claiming that the plaintiff had been injured, an investigation and a report were made, such letter being the first notice the defendant had of any alleged injury to the plaintiff.

"Int. 12 — Did you as treasurer or as an official or employee of the defendant corporation, or did any one as official, agent, employee or servant of the defendant company, make a report of the accident which occurred on Prince Street, Boston, on September 23, 1910?

"Ans. . . . As treasurer I made no report to the Company.

"Int. 13 — If your answer to the preceding interrogatory is yes, attach a copy of such report to your answer to this interrogatory.

"Ans. . . . See answer to interrogatory No. 11.

"Int. 14 — Was the person driving the team which caused the injuries to the plaintiff in this action on September 23, 1910, on Prince Street, in Boston, in the employ of the defendant?

"Ans. . . . A man in the general employment of the defendant was driving a team on Prince Street, Boston, at some time on September 23, 1910.

"Int. 18 — What were the duties of the driver of the team which caused injuries to the plaintiff on September 23, 1910, on Prince Street, in Boston?

"Ans. . . . The duties of the man referred to in my answer to interrogatory No. 14 were to collect market waste, but said man collected no market waste in Prince Street, Boston, on September 23, 1910, and the purpose of his being on said Prince Street was in no way concerned with the collecting of market waste."

It is thus seen that when asked (Int. 10) whether the team which caused the injuries to the plaintiff was operated or controlled by

the defendant the defendant's treasurer does not directly answer, but says in substance, from "the best information he can get," there were no substantial injuries and that at any rate the plaintiff, or his custodian, was at fault. The answer is almost in the nature of confession and avoidance. It indicates that he has been investigating the question of the liability of the defendant and has come to the conclusion that the best ground of defense is, not that the defendant is not answerable as the owner of the team, but that the plaintiff was not injured or, if he was injured, it was the fault of his custodian.

Again, when asked whether any report of the accident has been made by him or any one as official agent or servant of the defendant, and when requested to attach such report to his answer (Ints. 11, 12, 13), he says that upon receipt of a letter from the plaintiff's attorney, that being the first notice the defendant had of the plaintiff's injury, an investigation and a report were made; and that he "as treasurer" made no report to the defendant. It also appears (see answers to Ints. 14 and 18) that a man in the general employment of the defendant and whose duty was to "collect market waste" was at some time during the day of the accident on the street where it occurred.

And this is not all. We are not dealing with a case where at the close of the plaintiff's testimony the presiding judge rules that there is no case for the plaintiff, or in other words that the defendant is not called upon to put in his evidence. In such a case there are no presumptions to be drawn against the defendant for his failure to explain whatever may be against him. The presiding judge in substance rules that there is no need of explanation on his part, and that is enough. In the present case the ruling was made at the close of the whole evidence. Possibly the judge, as is frequently the case, declined to rule until the defendant rested. At any rate the defendant did then rest. If there was anything in the evidence produced by the plaintiff which bore against the defendant, it was called upon to explain and it had the fullest opportunity to do so. Nor is this a case where the person who presumably would be the best witness on the subject, namely, the driver of the team, could have been called by the plaintiff as well as by the defendant. The plaintiff did not know his name. The plaintiff had interrogated the defendant as to his name and the

defendant had declined to give it.   Under these circumstances the rule applies that when it is in the power of a party to an action to explain things apparently telling against him and he fails to make the explanation, it properly may be presumed that no truthful explanation will help him.

It is to be further noted that the driver of the team had been at the time of the accident in the employ of the defendant six months; and it is fairly to be inferred from the record that the accident occurred during the usual working hours of the day.   It is true that in his answer to the eighteenth interrogatory the treasurer, after stating that the duties of the driver of the team were to collect market waste, added that the man collected no market waste on that street that day, and that his purpose in being on that street was "in no way concerned with the collecting of market waste."   But it is to be observed that the treasurer does not say for what purpose the team was then and there on the street, or that the driver was not then acting upon some specific errand; nor does he state the circumstances so that the court may see whether the witness is right in his conclusion that the driver's errand had no connection with the collecting of market waste.   It is unnecessary to go into the evidence more in detail.

In view of the name upon the wagon, the time of the accident, occurring as it did in the usual working hours of outdoor daily labor, the oral testimony as to the acts of the driver when on the street, and that the wagon had been on this street before and was a "soap grease team," the answer made by the defendant's treasurer and the inferences legitimately to be drawn from their evasive nature, — all taken and interpreted in connection with and in the light of the defendant's failure to explain when the opportunity was presented, — we think that the evidence would have warranted a conclusion on the part of the jury that at the time of the accident the driver of the team was a servant of the defendant and was acting within the scope of his employment.

In accordance with the terms of the report there must be judgment for the plaintiff in the sum of $240, and it is

*So ordered.*