JAMES S. BUCKLEY, administrator, *vs.* WILLIAM P. SUTTON &
another.

Middlesex.    November 19, 20, 1918. — January 2, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Agency,* Existence of relation, Scope of authority.    *Negligence,* In use of high-
way, Contributory, Motor vehicle.

In an action, by an administrator against copartners doing business under the
name of an ice cream company, for causing the death of the plaintiff's in-
testate by running over him with a motor truck, if it appears that the motor
truck which ran over the intestate was marked with the name of the ice cream
company, that it had a couple of barrels on it and was driven by one G, and
if one of the defendants, when asked the question, "If he [G] was out with
an automobile truck of the . . . ice cream company, you would say that
he was about your business?" answers, "Naturally, yes," there is evidence
that at the time of the accident the driver of the truck was in the defend-
ants' employ and was engaged in their business.

If a boy eleven years of age, who has been on a motor truck that was moving on
the right hand side of a city street with another motor truck moving behind
it on the same side of the street, gets off the truck on which he was and, after
looking ahead for vehicles approaching from the opposite direction, starts to
walk in a diagonal direction to his left across the street, which is paved with
wooden blocks, and if the motor truck behind turns to the left to go by the one
in front of it, sounding no horn and making little or no noise, and, when the boy
is within six feet of the gutter, a companion who has remained on the first
truck yells to him, and the boy then starts to run and is struck and killed by
the motor truck when he is about two feet or one foot from the left hand curb-
stone, there having been ample room for the truck to pass the other truck in
front of it without running down the boy, in an action, brought after the
enactment of St. 1914, c. 553, against the owner of the motor truck, whose
servant was driving it in the course of the owner's business, for causing the
death of the boy, in which these facts are shown, the questions whether the
boy was negligent and whether the defendant's servant was negligent are for
the jury.

TORT by the administrator of the estate of James S. Buckley,
junior, late of Cambridge, the first count of the declaration
for causing the death of the plaintiff's intestate, then eleven
years of age, by running him down with a motor truck driven
negligently by a servant of the defendants on Cambridge Street
in Cambridge on September 14, 1916.    There was a second count,
alleging conscious suffering.    Writ dated October 6, 1916.

The defendants' answer contained an allegation that the alleged injuries of the intestate were the result of contributory negligence on his part.

In the Superior Court the case was tried before *Quinn*, J. The defendants offered no evidence and at the close of the plaintiff's evidence, which is described in the opinion, filed a motion asking the judge to order a verdict for them. The judge denied the motion and submitted the case to the jury, who returned a verdict for the plaintiff and assessed the damages on the first count in the sum of $5,000 and on the second count in the sum of $800. The defendants alleged exceptions.

*E. I. Taylor*, for the defendants, submitted a brief.

*J. H. Hurley*, for the plaintiff.

CARROLL, J. This action is to recover damages for the conscious suffering and death of James S. Buckley, who was run over by a motor truck of the defendants on September 14, 1916. He was eleven years of age. At the close of the plaintiff's evidence the defendants moved that a verdict be directed in their favor. The motion was denied.

It was admitted that the defendants did business under the name of the Mansion House Ice Cream Company. There was evidence that the words "Mansion House Ice Cream Company" were on the truck which injured the plaintiff's intestate and that it was operated by one Giganti, who was employed by the defendants. It was a "White truck" and "there were a couple of barrels on it." In answer to the question, "If he [Giganti] was out with an automobile truck of the Mansion House Ice Cream Company, you would say that he was about your business?" one of the defendants answered, "Naturally, yes." This was some evidence that at the time of the accident Giganti, who was in charge of the defendants' motor truck, was in the defendants' employ and was engaged in their business. *Heywood* v. *Ogasapian*, 224 Mass. 203.

The plaintiff's intestate was riding on another motor truck which was proceeding along the northerly side of Cambridge Street in Cambridge, in front of the defendants' truck. There was evidence that the left hand wheels of the truck on which the intestate was, were on the right hand rail of the outward bound car track. The plaintiff's intestate got off the truck and started

to walk in a diagonal direction across Cambridge Street toward the southerly side. He looked toward First Street, toward the point where other vehicles were coming in the opposite direction. Giganti attempted to pass the truck on which the plaintiff's intestate had been riding. A boy, who had been with the intestate on that truck and who remained on it when the intestate got off, tesified that, "When the Buckley boy was about within six feet of the gutter, the witness yelled to him." The intestate then started to run and was struck about two feet from the curbstone of the southerly side of Cambridge Street.

The intestate's due care was for the jury. He looked in the direction from which vehicles might be expected. The street was paved with wooden blocks and the jury could say that the defendants' truck made little or no noise and that no signal of its approach was given. The boy was near the curb when struck, and on that side of the street where the defendants' truck going toward Cambridge would not be expected. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. *Mullin* v. *Fallon*, 229 Mass. 214. *Miller* v. *Flash Chemical Co*. 230 Mass. 419.

There was evidence that the day was clear, that no horn was sounded, and, as the boy started to run toward the sidewalk, "the automobile started toward that side that he was running to," and there was evidence from one witness that, when the boy was walking, the defendants' motor truck "turned to the left and went after him and kept going after him until it finally caught him, about one foot from the left hand curbstone on Cambridge Street." There was ample room to pass without running down the plaintiff's intestate. On this evidence the defendants' negligence was plainly a question for the jury to decide.

*Exceptions overruled.*