JOHN E. BREEN *vs.* DEDHAM WATER COMPANY.

Norfolk.    February 17, 1922. — April 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Evidence,* Of agency, Presumptions and burden of proof. *Agency,* Existence of relation, Scope of employment. *Negligence,* In use of motor vehicle.

At the trial of an action of tort to recover for personal injuries received by the plaintiff in a collision between a motor vehicle driven by him and a motor truck, where there was evidence warranting a finding that the plaintiff was in the exercise of due care and was injured by the negligence of the driver of the truck, the defendant rested at the close of the plaintiff's evidence, which tended to show that the defendant's name was on the truck, that at the time of the collision, which was about eight o'clock in the morning, during working hours, there were carried in it picks and shovels, which were tools suited to the conduct of the defendant's business, and that the only person on the truck was the driver whom the plaintiff knew and had seen driving it "probably a dozen times" before the collision. *Held,* that

(1) The jury were warranted in finding that the truck was owned or controlled by the defendant;

(2) It could have been found that the driver was at the time of the accident employed by the defendant and engaged in its business;

(3) A verdict properly could not have been directed for the defendant.

TORT for personal injuries alleged to have been received by the plaintiff in a collision between a motor vehicle driven by him and a motor truck owned by the defendant and negligently driven by its servant or agent. Writ dated March 20, 1919.

In the Superior Court the action was tried before *J. F. Brown,* J. Material evidence is described in the opinion. At the close of the plaintiff's evidence the defendant rested and moved that a verdict

be ordered for the defendant. The motion was denied. The jury returned a verdict for the plaintiff in the sum of $5,150; and the defendant alleged exceptions.

*W. D. Gray,* for the defendant.

*F. J. Squires,* for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff by reason of a collision between an automobile, driven by him, and a Ford truck. There was evidence from which the jury could have found that at the time of the collision the plaintiff was in the exercise of due care, that the driver of the truck was negligent, and that his negligence caused the plaintiff's injuries. At the conclusion of the evidence offered by the plaintiff, the defendant moved that a verdict be directed in its favor, on the ground that there was no evidence from which the jury could find that when the accident occurred the truck was driven by any one for whose negligence the defendant was responsible. The motion was denied subject to the defendant's exception. The jury returned a verdict for the plaintiff.

The only questions presented are whether the truck was owned by the defendant, and whether at the time of the accident it was driven by the defendant's servant acting within the scope of his employment.

There was evidence that the name "Dedham Water Company" was on the truck, and that it was driven by one Dervan at the time of the accident, which was about eight o'clock in the morning. The plaintiff testified that he had seen the truck many times; that he knew the driver and knew his name, and had seen him driving it "probably a dozen times" before the accident; that on the day in question no other person was in it, and that picks and shovels were carried in it. On this evidence the jury were warranted in finding that the truck was owned or controlled by the defendant. *Murphy* v. *Fred T. Ley & Co. Inc.* 210 Mass. 371. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465. *Hopwood* v. *Pokrass,* 219 Mass. 263. *Buckley* v. *Sutton,* 231 Mass. 504. Upon the evidence that Dervan was alone in the truck and had driven it many times before the accident, that it contained tools, suited to the conduct of the defendant's business, which were being transported during working hours, and the rational inferences to be drawn therefrom, it could have been found that the driver was at the time

of the accident employed by the defendant and engaged in its business. *Heywood* v. *Ogasapian,* 224 Mass. 203.

The cases of *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516,. and *Hartnett* v. *Gryzmish,* 218 Mass. 258, are distinguishable in their facts from those in the case at bar.

In the opinion of a majority of the court a verdict properly could not have been directed for the defendant.   The entry must be

*Exceptions overruled.*