## The Cincinnati Traction Co. v. Reis.

*Negligence—Assignment of claim to insurance company—Signing document not conclusive proof—Evidence—No inference that more complete testimony detrimental.*

1. In an action to recover for damages done to an automobile belonging to plaintiff, on which he carried insurance, testimony by plaintiff to the effect that he signed a paper regarding the bringing of a suit against the defendant, but that he did not know whether it was a claim, or whether he had transferred any rights over to the insurance company, is not proof of an assignment to the insurance company of plaintiff's claim against the defendant.

2. The failure by plaintiff, in such case, to testify more fully on the subject of the assignment of his claim, does not, of itself, raise an inference that the evidence would be detrimental to him.

(Decided December 18, 1922.)

Error: Court of Appeals for Hamilton county.

*Mr. H. K. Rogers,* for plaintiff in error.
*Messrs. Leslie & Rendigs,* for defendant in error.

By the Court. In October, 1920, Stanley Reis filed an action against the Cincinnati Traction Company to recover damages for the negligence of the Traction Company in causing a collision between one of the cars of that company and his automobile.

The question of negligence and the amount recovered is not in dispute. The question for consideration in this case is whether or not Stanley Reis is the real party in interest, and it is fairly

inferable from the record that Reis owned the au-
tomobile and carried insurance on it.

When Reis was interrogated, on cross-examina-
tion, as to what he did prior to and at the time of
bringing this action, he answered:

"I did sign a paper regarding the bringing of
a suit against the Traction Company, however, I
don't know the technicalities of the law, and don't
know whether it was a claim or anything else, or
whether I had transferred my rights over to the
Insurance Company."

Another answer was:

"I repeat, I signed a paper that I understood
was bringing suit against the Traction Company
through me individually."

We do not pass on the question as to whether
or not this evidence was properly admitted. Tak-
ing it for what it is worth, it does not amount in
law to an assignment of any claim he had against
the Traction Company. The relation between the
Insurance Company and Reis does not appear.
He was honestly endeavoring by these answers to
disclose all he knew about the paper that he
signed.

The special charge and the interrogatories sub-
mitted were based on this evidence, and were prop-
erly excluded.

The failure of Reis to testify any more fully
than he did did not raise an inference that the evi-
dence would be detrimental to him. As stated in
Wigmore on Evidence, Section 285:

"These inferences, to be sure, cannot fairly
be made except upon certain conditions; and they
are also open always to explanation by circum-

stances which made some other hypothesis a more natural one than the party's fear of exposure."

It has also been held, in *D'Addio* v. *Hinckley Rendering Co.*, 213 Mass., 465, that no presumption or inference from the non-production of evidence is potent enough to supply independent evidence of a fact which is wholly unproved by other evidence.

If Reis had a claim against the Traction Company for negligence, he had a right to prosecute it, unless by some act of his he had assigned that right. In the absence of evidence, he will be presumed to be the owner of the claim until the contrary is shown.

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.