CHARLES CHAMPION *vs.* WILLIAM J. SHAW.

Berkshire. September 21, 1926. — December 2, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* Scope of employment.

At the trial of an action of tort for damage to an automobile, it appeared that the damage was caused in a collision with an automobile of a third person, driven by one who was the manager of an automobile service station owned by the defendant, whose business was selling a certain make of automobile and conducting a service station for them; that one, who owned a truck of a different make from that in which the defendant dealt, interviewed the manager and, in substance, told him that he would buy one of the defendant's cars if the manager would sell his truck for him; that the manager, in a car of a third person, drove to the house of the prospective customer with one who was a prospective buyer of the customer's truck, and on the return trip

negligently caused the collision. There was evidence that the manager was acting outside instructions given by the defendant and that on the day in question there were three or four of the defendant's cars that the manager might have used instead of the car of the third person. *Held,* that

(1) An inference was warranted that the manager at the time of the collision was acting within the scope of his employment;

(2) The fact that the car of the third person was being used was not controlling;

(3) Although the means used by the manager might have been found not to have been intended or contemplated by the defendant, the manager might have been found to have been acting for the defendant and within the scope of his employment, and, if so found, the mere fact that such means were used did not prevent the plaintiff's recovery.

TORT for damage to the plaintiff's automobile resulting from a collision with an automobile alleged to have been driven negligently by an employee of the defendant. Writ in the Fourth District Court of Berkshire, dated May 8, 1924.

Material evidence in the District Court is described in the opinion. The defendant asked the judge to rule "that the plaintiff has not shown that Halterman was acting for the defendant at the time of the accident and on the evidence can not recover." The judge refused so to rule and found for the plaintiff in the sum of $150 and reported the action to the Appellate Division for the Western District, who entered an order that the judge erred in refusing the ruling above quoted, and that judgment be entered for the defendant. The plaintiff appealed.

The case was argued at the bar in September, 1926, before *Rugg,* C.J., *Crosby, Carroll, Wait,* & *Sanderson,* JJ., and afterwards was submitted on briefs to all the Justices.

*W. J. Donovan,* for the plaintiff.

*M. E. Couch,* for the defendant.

CARROLL, J. The plaintiff's automobile, was damaged while operated by him, by reason of a collision with an automobile owned by one Roberts and driven by Paul Halterman, the defendant's agent. At the trial in the Fourth District Court of Berkshire there was evidence of the plaintiff's care and the negligence of Halterman. The defendant's business at the time of the accident, was that of

"selling Studebaker automobiles and conducting a service station for Studebaker automobiles" at North Adams, called the "Shaw Motor Sales Company." Halterman was the manager of this station. Frank Kelly desired to sell or exchange his Ford truck. He had visited the service station, "looking over used cars there," and intended to buy a car of the Shaw Motor Sales Company if Halterman sold his (Kelly's) truck. "I told him [Halterman] I would buy one if he would unload my Ford truck." Halterman "was doing it to show larger sales for his business." On Saturday, when the plaintiff's car was run into, Halterman came, during business hours, to Kelly's residence in Adams. Accompanying Halterman was a prospective purchaser of the Ford truck. The truck was examined, the price discussed, but no bargain was made. Shortly after Halterman and the prospective buyer left the Kelly house, the collision occurred.

The defendant testified that Halterman had no authority to go to Adams to sell Kelly's truck, that the defendant was not in the business of selling used cars for other persons. "It was understood between Halterman and me that Halterman should not take in any used cars without my first fixing the allowance therefor"; that he had not given authority to borrow Roberts's car for any purpose. There was evidence that on the day of the accident there were three or four cars of the defendant that Halterman could have used. At the time of the trial Halterman was not in the defendant's employment and he was not a witness. The trial judge found for the plaintiff. The Appellate Division of the Western District reversed the ruling of the trial judge and ordered judgment for the defendant.

Halterman was endeavoring to sell Kelly's truck in order that he might sell one of the defendant's automobiles to Kelly. The collision took place a short distance from the defendant's place of business. On this evidence and the inference which might reasonably be drawn from it, it could have been found that Halterman was at the time acting within the scope of his employment. He was to receive no commission for selling Kelly's truck; he was not at the time engaged in his own business. He was the defendant's

manager at the service station. He was endeavoring to make a sale of the car for the purpose of selling one of the defendant's trucks to Kelly, and evidently was returning from the interview with Kelly to the defendant's place of business, during business hours, when he ran into the plaintiff's automobile. Halterman was engaged in the course of the defendant's business and was seeking to accomplish it. The trial judge could disregard such portions of the testimony as he refused to believe and could find that Halterman was at the time, acting within the field of his agency. *Conant* v. *Constantin*, 247 Mass. 76, 79, 80. *Breen* v. *Dedham Water Co.* 241 Mass. 217, 218. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465.

Halterman was driving Roberts's automobile, but this fact was not controlling. The means made use of by Halterman, though not intended or contemplated by the defendant, while he was acting for the defendant and within the range of his employment, did not prevent the plaintiff's recovery. *Robinson* v. *Doe*, 224 Mass. 319, 321. *Caswell* v. *Cross*, 120 Mass. 545. *Ramsden* v. *Boston & Albany Railroad*, 104 Mass. 117. See *Zerngis* v. *H. P. Hood & Sons Co.* 255 Mass. 603. *Wilton* v. *Middlesex Railroad*, 107 Mass. 108.

In the opinion of a majority of the court there was evidence before the trial court that Halterman was acting as the defendant's agent within the authority given him. The Appellate Division was wrong in entering the order "Rulings reversed." An order should be entered dismissing the report.

*So ordered.*