JOHN CONLEY *vs.* HYMAN ROSENFIELD.

Suffolk.    May 16, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence*, In use of way, In driving wagon, Invited person.

It appeared, at the trial of an action of tort for personal injuries by a boy against the owner of a laundry wagon, that the driver thereof invited the boy to ride upon the wagon and that such invitation was not within the scope of the driver's authority. There was evidence that, as a result of a conversation with the driver, the plaintiff alighted from the wagon and went across the street to read the number on a door; that he returned and stood in the street in front of a front wheel of the wagon while he pointed out the house to the driver;

that he then turned to go home; and that he had taken one step when the driver started the horse and the plaintiff was struck by the wheel and was injured. *Held*, that

(1) A finding was warranted that the plaintiff's ride, although unauthorized, had come to an end and that he was a traveller on the way when he was injured;

(2) The driver in such circumstances became in duty bound to exercise due care to avoid injuring the plaintiff;

(3) A finding was warranted that the driver was negligent;

(4) A verdict for the plaintiff was warranted.

Tort. Writ dated November 16, 1925.

Material evidence at the trial in the Superior Court before *Keating*, J., is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $1,500 was recorded. Thereafter the judge allowed a motion by the defendant that a verdict be entered in his favor. The plaintiff alleged an exception.

*L. Bean, Jr.*, for the plaintiff.

*T. Kelly*, for the defendant.

Rugg, C.J. This is an action of tort to recover compensation for personal injuries, alleged to have been sustained by a boy eleven years old through the negligence of a servant of the defendant acting within the scope of his authority in driving a laundry wagon. There was testimony tending to show that the plaintiff was invited to ride upon the laundry wagon by the driver; that in consequence of conversation between him and the driver the plaintiff alighted and went across the street to a door to see a number, then returned and stood in the street in front of the right front wheel of the wagon, which was stationary, and pointed out the house to the driver at the same time talking to him. Thereafter he turned to go home and had taken one step when the driver started the horse and the plaintiff was struck by the wheel and was injured. There was sharp contradiction of this testimony but its credibility was for the jury. The evidence tended to show that the driver had no authority to permit the plaintiff to ride on the wagon. *O'Leary* v. *Fash*, 245 Mass. 123. *Murphy* v. *Barry*, 264 Mass. 557. But it might have been found on all the evidence that the unauthorized ride of the plaintiff

was at an end and that he had become at the time of his injury a traveller on the street. Toward him as such traveller the driver of the wagon within the scope of his employment by the defendant owed the plaintiff the duty to exercise due care to avoid causing him injury. *Bryant* v. *Boston Elevated Railway,* 212 Mass. 62. *Fleischner* v. *Durgin,* 207 Mass. 435. *Champion* v. *Shaw,* 258 Mass. 9. *Stone* v. *Commonwealth Coal Co.* 259 Mass. 360. A further finding was warranted by the evidence that this duty was violated by the servant of the defendant to the harm of the plaintiff.

The case was submitted to the jury and a verdict was returned for the plaintiff. Before the recording of the verdict for the plaintiff, the trial judge reserved leave under G. L. c. 231, § 120, to enter a verdict for the defendant. Thereafter, on motion, a verdict was entered for the defendant. The allowance of that motion was error. *Kaminski* v. *Fournier,* 235 Mass. 51. In accordance with G. L. c. 231, § 124, the entry may be: Plaintiff's exceptions sustained, verdict first returned by jury to stand and judgment to be entered for the plaintiff on that verdict.

*So ordered.*