MARGARET M. COCHRANE *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Middlesex. November 14, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Agency,* Existence of relation. *Evidence,* Presumptions and burden of proof.

At the trial of an action of tort for personal injuries sustained when the plaintiff stepped into a hole in a sidewalk at the rear entrance to a store occupied by the defendant, a corporation named The Great Atlantic and Pacific Tea Company, the plaintiff introduced evidence in substance that trucks painted red and having the letters "A & P" painted on the sides delivered goods at such rear entrance; that on one occasion a wheel of one of the trucks broke a piece of concrete from the edge of the walk at the place where the accident occurred, and that on another occasion a truck of the same description was backed up to the edge of the sidewalk and a heavy box was thrown therefrom, after which a break was seen in the sidewalk a foot and a half from the edge at a point opposite the rear entrance to the store. In answer to an interrogatory in writing propounded to the defendant, "Were any heavy bundles, barrels, boxes or other merchandise delivered to or taken from the premises . . . [in question] in teams or other vehicles that were operated or controlled by the defendant corporation?" the defendant answered: "Goods and merchandise customarily delivered or taken from chain grocery stores were delivered or taken from these premises in vehicles operated or controlled by the defendant." A transportation manager of the defendant, called by it, testified in substance that, for distribution to one thousand stores operated by the defendant at the time of the plaintiff's injury, it used thirty-five trucks owned and operated by it and between one hundred fifteen and one hundred forty trucks owned by others and operated by employees of the owners who were paid by the owners; and that all of the trucks belonging to the defendant were painted red and bore the letters "A & P" enclosed in a diamond shaped space painted thereon, and, by arrangement between the defendant and the owners of the other trucks which delivered goods for the defendant, about one half were painted the same color as the defendant's trucks and bore the same letters in a diamond shaped space. A verdict was ordered for the defendant. *Held,* that

(1) The evidence as to the name painted on the trucks which delivered goods at the entrance to the store was not sufficient, even if the testimony of the defendant's transportation manager were

disbelieved, to warrant a finding that the hole in the sidewalk was caused by a person or persons for whose acts the defendant was liable;

(2) If the testimony of the transportation manager were believed, such a finding was not warranted;

(3) The answer to the interrogatory failed to show that the hole was so caused;

(4) The verdict rightly was ordered.

TORT. Writ dated June 11, 1927.

In the Superior Court, the action was tried before *C. H. Donahue, J.* Material evidence is described in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*J. C. Johnston,* (*V. C. Stoneman* with him,) for the plaintiff.

*J. E. Peakes,* (*W. B. Sleigh, Jr.,* with him,) for the defendant.

CROSBY, J. This is an action of tort brought by a minor, by her father and next friend, to recover for personal injuries received by her while walking along Newton Street, in the town of Belmont. The case is reported by the trial judge who, on motion filed at the close of the evidence, directed a verdict in favor of the defendant, subject to the plaintiff's exception.

The defendant, a corporation, owned, managed and controlled a grocery store at the corner of Newton and Belmont streets, with the front entrance on Belmont Street, and a rear entrance on Newton Street. There was a cement sidewalk about four feet wide between the building and the street. The plaintiff testified that on October 27, 1925, at about a quarter to eight o'clock in the evening she and her sister crossed Newton Street, reaching the sidewalk at a point near the rear entrance to the store, and after she had taken two or three steps she stepped into a hole directly opposite the rear entrance and fell and was thereby injured. She further testified that the hole was eighteen inches long and about ten inches wide. Two police officers, called by the plaintiff, testified that the hole was about three to six inches deep, about a foot long, and about six inches wide. One of these officers testified that he lived on

Newton Street in a house next to the rear entrance to the store and that he had seen trucks back onto the sidewalk so that the tailboards thereof extended to the door of the store and obstructed the sidewalk, and on one occasion he saw a wheel of one of the trucks break a piece of concrete from the edge of the walk at the place where the accident occurred. This witness further testified that the trucks he had seen were painted red and had the letters "A & P" painted on the sides. The plaintiff's father testified that two or three days before the accident at 7:30 A.M. a truck painted red and having the letters "A & P" on the side was backed up to the edge of the sidewalk; that a heavy box was thrown from the truck, after which he saw a break in the sidewalk a foot and a half from the edge at a point opposite the rear entrance to the store.

One Casterline, a transportation manager for the defendant, called by it, testified that the defendant had a large warehouse in Somerville, and goods of the defendant delivered to this store were loaded onto trucks either belonging to the defendant and operated by its servants or agents, or belonging to others to whom the defendant paid rates based on the amount of tonnage carried; that the trucks that did not belong to the defendant were operated by the employees of the owners, and that their wages were paid respectively by the owner of each truck; that at the time of the plaintiff's accident the defendant owned and operated thirty-five trucks, and between one hundred fifteen and one hundred forty trucks belonging to other people and operated by their respective owners were delivering the defendant's goods to its stores in eastern Massachusetts and southern New Hampshire; that all of the trucks belonging to the defendant were painted red and bore the letters "A & P" enclosed in a diamond shaped space painted thereon, and, by arrangement between the defendant and the owners of the other trucks that delivered goods as above stated, about one half were painted the same color as the defendant's trucks and bore the same letters in a diamond shaped space; that none of the trucks owned by the defendant was equipped with a tailboard; that all trucks were

loaded at the defendant's warehouse in Somerville and the goods were delivered at various stores of the defendant to which they were consigned, and bills were given to the one in charge of each truck showing at which store the goods were to be delivered; that none of the trucks carried goods belonging to any one else while used for delivery of goods to the stores of the defendant; that it was a rule of the warehouse that trucks belonging to the defendant should be loaded first in the morning, and the other trucks should be loaded later; that the goods from the warehouse were distributed to about one thousand stores operated by the defendant.

The tenth interrogatory propounded by the plaintiff was as follows: "Were any heavy bundles, barrels, boxes or other merchandise delivered to or taken from the premises number 267 Belmont Street, Belmont, Massachusetts, in teams or other vehicles that were operated or controlled by the defendant corporation?" The answer to this interrogatory was: "Goods and merchandise customarily delivered or taken from chain grocery stores were delivered or taken from these premises in vehicles operated or controlled by the defendant."

The foregoing is all the evidence material to the issues presented by the report. The only question of law is whether or not there was any evidence which would warrant a finding that the hole in the sidewalk where the plaintiff fell was caused by a truck owned or operated by a servant or employee of the defendant. The burden of proof rested on the plaintiff to show affirmatively either by direct evidence or by reasonable inference of probabilities from established facts that the negligence of the defendant caused her injury. The testimony of the witness that two or three days before the accident a truck painted red, having the letters "A & P" upon it was backed up to the edge of the sidewalk at the rear entrance to the defendant's store, and a heavy box was thrown off the truck and afterwards a break was seen in the edge of the sidewalk alone would not warrant a finding that this truck was owned or operated by the defendant. This witness did not testify that the break in

the sidewalk was caused by the falling of the box upon it. So far as appears it may have occurred at some previous time from a reason for which the defendant was not responsible. There was no evidence that the trucks which the police officer testified he had seen backed up to the rear entrance to the defendant's store were owned by the defendant nor that a truck of the defendant had broken a piece of cement from the edge of the sidewalk. The case of *Murphy* v. *Fred T. Ley & Co. Inc.* 210 Mass. 371, was an action brought by the plaintiff to recover damages for injuries received when he was driving along a highway and his horse ran against some wires stretched across the road. There was evidence that the superintendent of the defendant instructed the men as to what they were to do, and that the teams and tool boxes were not marked with the defendant's corporate name. It was said, at page 373, that if nothing appeared to connect the defendant with the work "we should hesitate to say that the plaintiff had sustained the burden of proof . . . But with the inferences that justifiably might be drawn therefrom, and not explained or controlled by facts that necessarily would be in the possession of the defendant, we think it was sufficient to entitle the plaintiff to go to the jury." *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465, was an action to recover for personal injuries received by the plaintiff who was run over by a wagon which the plaintiff alleged was owned and operated by the defendant. The only oral evidence as to the ownership of the wagon was that it had upon it the name of the defendant, and the only evidence as to the driver was that he was known by a witness, called by the plaintiff, for a number of years "when he used to collect soap grease." It was said by Hammond, J., at page 466: "If the evidence had stopped there, it might have been said that the plaintiff had not shown enough to entitle him to go to the jury." As there was other evidence that the driver of the team was a servant of the defendant, it was held that the case should have been submitted to the jury. The only reasonable inference from the decisions above referred to is that where, as here, there

is no evidence to show that a vehicle which causes damage was owned or operated by the defendant other than that its name appears thereon, such evidence is insufficient to charge the defendant with liability. In the cases of *Hopwood* v. *Pokrass*, 219 Mass. 263, *Heywood* v. *Ogasapian*, 224 Mass. 203, *Buckley* v. *Sutton*, 231 Mass. 504, *Breen* v. *Dedham Water Co.* 241 Mass. 217, *McDonough* v. *Vozzela*, 247 Mass. 552, 559, *Altoonian* v. *Muldonian*, 277 Mass. 53, there was additional evidence which distinguishes them from the case at bar. If the jury believed the testimony offered by the defendant, it is plain that the plaintiff would not be entitled to recover. If the jury did not believe the evidence offered by the defendant, and gave full credence to the testimony of the plaintiff, there was no evidence to show who owned or operated the truck in question, or what merchandise, if any, was carried in the box upon it, or who loaded or unloaded the truck, in whose name it was registered, or what registration numbers, if any, were attached to it. The only evidence offered by the plaintiff — that the truck was painted red and bore the letters "A & P" — was not enough to prove that it was owned or operated by the defendant. The answer to the interrogatory hereinbefore quoted fails to show that the truck was owned or operated by the defendant.

It follows that in accordance with the terms of the report judgment is to be entered for the defendant on the verdict.

*So ordered.*