Pettingell, J.
The evidence warranted a finding of the following facts:
The defendant, the owner of a truck, had a contract to transport tools from the place where they were kept to the various jobs where the tools were to be used by W. P. A. workmen, which contract did not require the defendant to transport the workmen or to load or unload the tools. On the day of his injury, the plaintiff, a W. P. A. workman, *297 with other such workers, got on the truck when the tools were put on and rode to the place where the tools were to be unloaded. After the truck stopped, the plaintiff and other workmen began to unload the tools, the plaintiff remaining in the truck; while he was thus engaged, and was in a stooping position, the truck was started by the defendant and the plaintiff was thrown out and injured.
There was other evidence which, if believed, would have warranted a finding of facts somewhat in conflict with the foregoing, but the facts stated above could have been found.
The trial judge found for the plaintiff without making any finding of facts.
The contention of the defendant is that, as operator of the truck, he was not under any obligation to transport the plaintiff, that the transportation was gratuitous, and that the defendant is not liable without proof of gross negligence.
The trial judge, however, could have found that the gratuitous undertaking of the defendant to transport the plaintiff and the other workmen had come to an end. There was evidence, not only that the truck had arrived at its destination and had come to a stop, but that it was at that place some considerable time before the plaintiff was injured. One witness stated that the interval of time between the arrival of the truck and the injury to the plaintiff was five or six minutes, another ten to fifteen minutes, and the defendant himself testified that it was “about ten minutes”.
Such evidence warranted a finding that the gratuitous transportation of the plaintiff to the place of work was a thing of the past and was not a factor in the plaintiff’s injury. Conley v. Rosenfield, 271 Mass. 433, at 434.
*298 “Where a special relationship1 determinative of the duty of a defendant as to using care has ceased for a time, although it is later to be resumed, the obligation of the defendant in the interim is not that fixed by the special relationship1 * * * If, as might have been found, the plaintiff in this action after arriving at the pond had ceased to be a guest passenger and up to the time of his injury had not resumed that relationship, the obligation upon the defendant was to use reasonable care to avoid injury to the plaintiff.” Fone v. Elloian, Mass. Adv. Sh. (1937) 429, at 430, 431,
The plaintiff had ridden as far as he was to go. When injured he was engaged in unloading tools, a task the defendant was not required to do and one which some workman would have had to do, regardless of whether the workman reached the place by truck or on foot. When the unloading was completed, the plaintiff’s duties required him to leave the truck and go to work. He was not to ride further.
The fact that he had not left the truck and was still in it at the time of the defendant’s negligent act is not determinative of the degree of care required of the defendant. In Ruel v. Langelier, Mass. Adv. Sh. (1938) 77, at 78, 79, a guest who had left an automobile to push it out of the snow was held still to be a guest who could not recover because gross negligence was not shown. In that case the court said, “It must be clear that the degree of the defendant’s duty does not depend upon the physical position of the plaintiff at the moment of the accident, * * * The degree of the defendant’s duty depends upon whether the act of the defendant claimed to be negligent was performed in the course of carrying out the gratuitous undertaking which the defendant had assumed.”
Applying the rule just stated to the finding which the trial judge could have made, that the gratuitous undertak *299 ing if any, had come to an end, a finding for the plaintiff was warranted.
The defendant requested eight rulings, of which the trial judge “denied” five. He took no action on the other three. The ignoring of these requests was a denial of them. Commonwealth v. Hull, Mass. Adv. Sh. (1937) 15, at 16.
Of these requests, the first, second, third, fourth and ' sixth deal with gross negligence; there was no error in their denial because the judge could have found that the gratuitous undertaking of transporting the plaintiff had ended when the plaintiff was injured and that he could recover if ordinary negligence were found.
The fifth request deals with the contributory negligence of the plaintiff, and is predicated upon the plaintiff’s hearing the starting signal. On the evidence the trial judge could have found that no starting signal was given. The seventh request deals with the effect of a release given by the plaintiff. There was no evidence that a release was given. The eighth request relates to a joint enterprise between the plaintiff and the defendant. There was no evidence which could warrant a finding that there was a joint enterprise. There was no error in the denial of these requests as each is based on facts which the trial judge was not bound to find. Bradley v. Meltzer, 245 Mass. 41, at 43; Shay v. Gagne, 275 Mass. 386, at 390; DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 325; Simpson v. Eastern Massachusetts St. Ry. Co., Mass. Adv. Sh. (1937) 2607, at 2610.
The plaintiff requested fourteen requests of which the trial judge gave twelve. The defendant has not argued these in detail, relying only upon his contention that it was necessary for the plaintiff to prove gross negligence to be entitled to recover. The two requests involving a *300 ■finding of gross negligence were denied. We have examined the others and find no error in their allowance.
No prejudicial error appearing the report is to be dismissed.