*Northern District*

A.D. No. 5452

**ANGELO SPINA**

v.

**WILLIAM R. LUCAS ET AL**

(January 5, 1961)

*Present:* Eno, J. (Presiding) & Kelleher, J.

Case tried to *Loschi, J.,* in the First District Court of Eastern Middlesex. No. 253 of 1959.

*Eno, J.* This is an action of tort brought against William R. Lucas and Bo-Peep Diaper Service for property damage and personal injuries sustained as the result of the alleged negligence of the defendants.

The declaration was originally in two counts, the *first* for property damage, the *second* for personal injuries, both alleged to have been caused by the negligence of "the defendant, his agent, servant or employee",

without specifying either defendant. At the trial a third count was added alleging that personal injuries were sustained "due to the negligence of William Lucas".

*The evidence reported shows that* the plaintiff was the owner of a motor vehicle and at the time alleged he was stopped in his said automobile at a "stop sign" on Pearl Street, at the corner of Marginald Street, in Chelsea, next to and about two feet from, a solid white center line.

A truck bearing the name "Bo-Peep Diaper Service" passed his car on the right, came in contact with it, and the operator of the truck continued on without stopping. The plaintiff sounded his horn and went after the truck but failed to reach it. He immediately went to the Police Station to report a "hit and run" driver. As a result of a telephone call by the police he went later to the place of business of the Bo-Peep Diaper Co. There were a number of trucks there and while there talking with a man in the office, a truck came in and he recognized the driver as the driver of the truck that struck his own car. In conversation with him the defendant Lucas denied being in the collision admitting only that he had heard him blow his horn. He then showed his automobile driver's license to the plaintiff who copied it.

There was further testimony as to damage which is not reported.

The defendant seasonably filed five requests for rulings of which number 4 was allowed,

number 5 was waived in open court, and the others were denied by the trial judge, who made the following findings of facts:

"I find that the accident was caused by the negligence of William R. Lucas the agent of the defendant, and that the plaintiff was not guilty of contributory negligence"

and found for the plaintiff against Bo-Peep Diaper Service in the amount of $379.50 and against defendant William R. Lucas in the amount of $263.75 (both with interest included).

The only questions before this Division are on the denial of the following requests for rulings:

(1) The evidence does not warrant a finding that the injury and damage alleged by the plaintiff resulted from the fault of the defendant Bo-Peep Diaper Service.

(2) The evidence does not warrant a finding that the injury and damage alleged in the plaintiff's declaration resulted from the fault of the defendant Bo-Peep Diaper Service or a person for whose conduct said defendant is legally responsible.

(3) The evidence does not warrant a finding that the injury and damage alleged in the plaintiff's declaration resulted from the fault of the defendant William Lucas.

 We think there was error in the denial of the first two requests. It was hinted at the hearing of this Division that Bo-Beep Diaper Service is a corporation. It is not described as a corporation in the writ and declaration, but simply as "Bo-Peep Diaper

Service". This may be only a trade name used by some unnamed individual.

The only thing which might connect the defendant Lucas with that concern is that he was operating a truck with that name thereon and that the plaintiff saw and talked with him at the concern's place of business.

No demand, under G. L. (Ter. Ed.) c. 231, §69, to admit the fact that at the time of the alleged collision the said Lucas was an agent, servant or employee of the defendant concern was ever filed, nor was the registration number of the truck in the name of that concern or company introduced as provided by G. L. (Ter. Ed.) c. 231, §85a.

No evidence appears to show that at the time of the accident he was an employee, or engaged in the business, of that concern, *Cochrane v. Great A. & P. Co.,* 281 Mass. 386.

Therefore, the burden of proof against it was not sustained; requests numbered 1 and 2 should have been allowed. The finding against it is reversed, and a new finding is to be entered for the defendant Bo-Peep Diaper Service on Counts 1 and 2 of the declaration.

We think that on the third count of the declaration, which was added at the time of trial, the court was warranted in finding that the defendant Lucas was negligent on these facts: The plaintiff's car was stopped at a stop sign; the defendant passed him on the right in violation of G. L. c. 89, §2; this defendant admitted he heard the sound of the

horn proving that he was at the scene at the time of the collision; he was recognized a few hours later as the operator of the truck which collided with his automobile; he was also identified by his driver's license; the contact was with such force as to cause substantial damage. We think the case on this particular count is distinguishable from *Lodge v. Congress Taxi Assn.*, 340 Mass. 570, because in the instant case the defendant was recognized as the driver and further identified by his automobile driver's license.

The third request was, therefore, properly denied and the report is to be dismissed as to this defendant on the third count of the declaration.

Ricco Matera of East Boston, for the Plaintiff.

Weber, Rooney and Riley of Boston, for the Defendant.