*Municipal Court of the
City of Boston*

No. 206593

## M. L. ALPERT CO., INC.

v.

## THE HERTZ CORPORATION

Argued: June 19, 1970 - Decided: June 25, 1970

*Present:* Adlow, C. J.; Canavan, J.; Gorrasi, Spec. J.

Case tried to Gillen, J. in the Municipal Court of the City of Boston No. 206593.

**Adlow, C. J.** Action of tort brought by the M. L. Alpert Co., Inc. against the Hertz Corporation for property damage caused to the plaintiff's sign by a truck registered in the name of the defendant. The accident occurred on or about December 1, 1967. The writ in this action is dated *May 22, 1968*. The only issue raised by this report involves the propriety of the court's rulings in defaulting the defendant, assessing damages and entering a finding for the plaintiff.

On *August 1, 1968* the plaintiff filed interrogatories, answers to which were filed by the defendant on *August 29, 1968*. On *February 4, 1969* the plaintiff moved the court to strike out the answers to fourteen of the interrogatories and requested the court to order further answers. In consequence the court ordered stricken from the record the defendant's answers to interrogatories ##2, 3, 4 and 5 and directed the defendant to further answer same.

It is unnecessary to recite verbatim the questions and answers which were submitted for the court's consideration on three separate occasions: namely; *February 4, 1969*; *March 6, 1969*, and *March 25, 1969*. It is sufficient for our purpose to observe that despite the painstaking efforts of the plaintiff to ascertain from the defendant the name of the lessee of the truck involved and of his authorized operator, the defendant repeatedly came up with the answer "We don't know". Under the circumstances

the plaintiff, on *April 2, 1969,* moved the court to default the defendant. The court so ordered, and damages were assessed. Claiming to be aggrieved by this order and the action thereon the defendant brings this report.

The information which the plaintiff sought was essential to its case. The answers it sought were within the peculiar province of the defendant to provide. In this Commonwealth the lessor of trucks is required by law to keep records showing the registration of the leased vehicle, and the name and address of the lessee of the vehicle as well as the name of the authorized operator. G.L.c.90, § 32D. There is a further requirement in this statute that the record of this rental transaction be preserved for a period of a year. Since the writ in the cause in issue and the interrogatories were filed in court before this one year statutory period had expired, there is no reason why the information which the plaintiff sought to ascertain was not available to the defendant. Unless the failure to provide this information was accounted for to the court's satisfaction, a serious question arises as to the defendant's good faith in failing to answer. When it is in the power of the party to an action to explain things, and he fails to make the explanation, it may be assumed that no truthful explanation will help him. *D'Addio* v. *Hinckley Rendering Co.,* 213 Mass. 465, 469. In these circumstances the action of the court was warranted in defaulting the defendant.

We have discussed these issues on the assumption that the defendant saved his rights as required by law when the court ordered his answers stricken and ordered that the defendant further answer. On none of the three occasions when the court made similar orders did the defendant claim a report or file a claim of report with the court in accordance with the rules. Rule 31, Municipal Court of the City of Boston (1952). G.L. c. 231, § 168. In these circumstances there is no reviewable issue properly before the court, and the objection raised by the plaintiff to a review of the court's rulings is well taken. **Report dismissed.**

KLAINER & KAPPEL
of Boston for the
    Plaintiff.
GLENN M. SHRIBERG
of Boston for the
    Defendant.